**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Kenneth CARR (97–1367); Eddie Turner, Jr. (97–1422); Yon Clameche Snyder (97–1513); Perry Boddy, Jr. (97–1584); Christopher Allen, Jr. (97–1814), Defendants–Appellants.**

Nos. 97–1367, 97–1422, 97–1513, 97–1584, 97–1814.

United States Court of Appeals, Sixth Circuit.

March 11, 1999.

---

Michael C. Leibson (briefed), Asst. U.S. Attorney, Office of the U.S. Attorney, Detroit, MI, for United States of America in Nos. 97–1367, 97–1422 and 97–1814.

Michael C. Leibson (argued and briefed), Asst. U.S. Attorney, Office of the U.S. Attorney, Detroit, MI, for United States of America in Nos. 97–1513 and 97–1584.

Michael R. Osaer (briefed), Katsoulos, Trigger, Osaer & Shepherd, Sterling Heights, MI, for Kenneth Carr in No. 97–1367.

Melvin Houston (briefed), Detroit, MI, for Eddie Turner, Jr. in No. 97–1422.

Patrick M. Cleary (argued and briefed), Bloomfield Hills, MI, for Yon Clameche Snyder in No. 97–1513.

Raymond E. Beckering, III (argued and briefed), Willey & Chamberlain, Grand Rapids, MI; Edward Wishnow, Birmingham, MI, for Perry Boddy, Jr. in No. 97–1584.

Curtis R. Williams (briefed), Whitfield & Associates, Detroit, MI, for Christopher Allen, Jr. aka Billy Dee Bell in No. 97–1814.

Before: BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

## OPINION

BOGGS, Circuit Judge.

Defendants-appellants were convicted of violating the RICO statute by participating in a criminal enterprise known as the "Home Invaders." They raise numerous issues on appeal, most of which do not merit publication under Rule 206(a) of the Sixth Circuit Court of Appeals. In this opinion we address only the issue of whether the district court erred in not affording defendant-appellant Boddy the opportunity to withdraw his guilty plea at his sentencing hearing. All other issues raised by the appeal are addressed and decided in an unpublished appendix to this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Perry Boddy is one of five defendant-appellants who were convicted of violating the RICO statute by participating in a criminal enterprise known as the "Home Invaders." The enterprise was comprised of over twenty persons who engaged in the armed robberies of occupied dwellings in the Detroit and Lansing, Michigan areas. In. many instances, the group portrayed themselves as law enforcement officers executing search warrants in order to gain entry to the homes of drug traffickers and others. The "Invaders" sought money, guns, and drugs.

Boddy entered into a Rule 11 Plea Agreement with the government, in which he agreed to plead guilty to violations of RICO and 18 U.S.C. § 924(c). In exchange, "the parties agree[d] that any sentence of incarceration shall not exceed 240 months." The agreement also stated that "if the court rejects this agreement, it shall afford the defendant the opportunity to withdraw the plea of guilty and advise the defendant that if the plea is not withdrawn the sentence may be greater than the maximum provided for in this agreement." Boddy and the government also filed an Addendum to the plea agreement. This Addendum stated that the parties agreed "that Defendant's sentence shall be imposed pursuant to § 5G1.3 of the sentencing guidelines whereby Defendant's sentence shall be imposed to run concurrently to" a 19–year state sentence.

At the start of Boddy's hearing, the trial court discovered that the plea agreement only referenced the RICO count, and not the 924(c) count, and pointed this obvious error out to the parties. The prosecutor responded that the agreement "should be amended to read, to plead Counts 1 and Count 22 [the 924(c) count]." The government went on to establish a factual basis, and Boddy voluntarily pled guilty pursuant to the plea agreement. The trial court asked Boddy whether he understood that the 924(c) charge "carries with it ... a sentence of five years consecutive, that is, in addition to whatever sentence might be imposed under the RICO count, do you understand that?" Boddy responded, "Yes, sir." Additionally, the judge asked the prosecuting Assistant United States Attorney whether it was "the government's position that the totality of the months to be served on both charges, including the 60–month consecutive, the totality will not exceed 240 months?" The prosecutor responded, "That's correct...." The trial court accepted the plea agreement and noted that the Addendum to the plea agreement would be considered "as to be part of the Rule 11 agreement."

The trial court later sentenced Boddy to a total of 152 months imprisonment on the RICO count and a sixty-month sentence on the 924(c) count, "consecutive to the sentence imposed on count 1 and consecutive to any state sentence the defendant is presently serving." Neither Boddy nor his counsel objected to the sentence at the time of sentencing nor brought a motion to set aside Boddy's plea on the ground that the sentence imposed violated the plea agreement. He now appeals his sentence.

## II. ANALYSIS

Boddy argues that it was his understanding that, pursuant to the Addendum to the plea agreement, his 924(c) sentence would run concurrent to his state sentence. Boddy further contends that since the trial judge allegedly sentenced him in violation of the plea agreement, the judge implicitly rejected the terms of the agreement and, therefore, erred by not providing Boddy the opportunity to withdraw his plea as required under FED.R.CRIM.P. 11(e)(4). Rule 11(e)(4) states, in pertinent part: "If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea...."

██ Boddy's argument on appeal is meritless because it appears that, in this instance, the sentence the trial court imposed was in fact consistent with the defendant's understanding of the plea agreement. In determining whether a plea agreement has been broken, courts look to what was reasonably understood by the defendant when he entered his plea of guilty. *See United States v. Mandell*, 905 F.2d 970, 972 (6th Cir.1990). Therefore, even under Boddy's theory, if the trial court's sentencing decision was consistent with what the defendant reasonably understood at the time he pled guilty, the trial court could not have committed error by not rejecting the plea agreement.

Confusion was no doubt created at the plea hearing when the judge discovered that the plea agreement signed by the parties made no mention whatsoever of the 924(c) count pending against Boddy. The trial judge acted decisively to resolve this confusion by making sure that it was the parties' intent that the agreement was to include the 924(c) count. The judge then asked Boddy if he was aware that the 924(c) sentence could not run concurrently. When he was asked by the judge whether he understood that the 924(c) charge "carries with it ... a sentence of five years consecutive, that is, in addition to whatever sentence might be imposed un-

der the RICO count ... ?", Boddy responded, "Yes, sir."

Boddy contends that when he was questioned by the trial court, he believed the judge was only asking him if he knew that the 924(c) sentence would run consecutive to the federal sentence, and not the state sentence. Boddy attempts to prove this contention by noting that the case of *United States v. Gonzales*, 520 U.S. 1, 117 S.Ct. 1032, 1038, 137 L.Ed.2d 132 (1997), which held that a sentence under 924(c) must run consecutive to both federal *and* state sentences, was issued after his plea hearing was held (but before he was sentenced). Thus, Boddy argues, the judge sentenced him consistent with the allegedly-new law of the *Gonzales* decision, but in violation of the plea agreement, in which the parties agreed that the 924(c) sentence would run consecutive to the federal RICO sentence *only*.

Boddy's argument is without merit, for *Gonzales* did not announce a new principle of law, but rather resolved a conflict amongst the circuits on the question of whether a 924(c) sentence could run concurrent to a state sentence. In *Gonzales*, the Court granted certiorari on a Tenth Circuit decision, *United States v. Gonzales*, 65 F.3d 814 (10th Cir.1995), holding that 18 U.S.C. § 924(c)(1) did not require that a sentence under the statute run consecutive to a state sentence. *Id.* at 821. The Court reversed, holding that 924(c)(1)'s language requiring that a sentence under the statute run consecutive to "any other term of imprisonment" did, in fact, mandate that a sentence under 924(c) could not run concurrent to a state sentence. *Gonzales*, 117 S.Ct. at 1038.

██ This circuit's jurisprudence prior to *Gonzales* was in fact consistent with the *Gonzales* decision. In *United States v. Ospina*, 18 F.3d 1332 (6th Cir.), *cert. denied*, 512 U.S. 1226, 114 S.Ct. 2721, 129 L.Ed.2d 846 (1994), we rejected the argument that a 924(c) sentence should run concurrent to a state sentence, noting that such an argument was "repudiated by the statute which unequivocally states the five-year sentence shall not run 'concurrently with any term of imprisonment....' The phrase 'any other term of imprisonment' is not ambiguous—it is simply

broad." *Id.* at 1335 (quoting 18 U.S.C. § 924(c)(1)). Because it was the law in this circuit that a 924(c) sentence could not run concurrent to any sentence, we must assume that when the judge was asking Boddy whether he understood that his 924(c) sentence would run consecutively, Boddy and (more importantly) his counsel understood that the sentence would run consecutive to *both state and federal sentences.*

There is simply no evidence, apart from Boddy's naked assertion on appeal, to indicate that Boddy and his trial counsel believed otherwise. The fact that Boddy *never objected to his sentence* (until filing his brief on appeal) seems to support the view that he, in fact, knew that his 924(c) sentence would run consecutive to his state sentence. If Boddy was indeed under the impression that the 924(c) sentence would run concurrent to his state sentence, one wonders why he did not object much earlier to the sentence imposed by the judge.[1]

Moreover, we simply cannot see how a judge who explicitly accepts a plea agreement can nonetheless be said to have implicitly rejected it. FED.R.CRIM.P. 11(e)(4) states that a defendant should be permitted to withdraw his plea "*[i]f the court rejects the plea agreement....*" We believe it would be absurd to require trial judges to offer defendants the opportunity to withdraw pleas in circumstances where the judge has explicitly accepted (*i.e.,* not rejected) the plea agreement and believes he is abiding by the plea agreement.

In essence, Boddy argues that if the judge, under the rubric of accepting a plea agreement, gives a sentence that is even arguably in conflict with the plea agreement, the convict is entitled to withdraw his plea, even without having objected to the sentence. That is not the law. Rule 11(e)(4) contains no specific remedy for such a violation, and where the violation is only arguable, the prisoner is fully informed, and his plea is voluntary, no remedy is needed. We leave for another day the question of remedy where the judge blatantly violates the agreement, yet misinforms the prisoner and purports to accept the agreement. That is not before us here.

In instances where a trial court has sentenced a defendant in violation of a previously-accepted plea agreement, the proper remedy for an appellate court to provide is a new sentencing hearing where the defendant can be sentenced in accordance with the agreement, for when there is a breach of a plea agreement at sentencing, the usual remedy is a remand for resentencing. *See, e.g., United States v. Wolff,* 127 F.3d 84, 87 (D.C.Cir.1997), *cert. denied,* — U.S. —, 118 S.Ct. 2325, 141 L.Ed.2d 699 (1998); *United States v. Travis,* 735 F.2d 1129, 1132 (9th Cir.1984). Should a trial court, on remand, determine that it cannot sentence the defendant in accordance with a previously-accepted agreement, it should then (and only then) reject that agreement and permit the defendant to withdraw his plea.[2]

However, the trial court should be first afforded an opportunity to correct its error and sentence the defendant in accordance with the bargain the defendant himself struck. Otherwise, every time a trial court sentenced a defendant in violation of a plea agreement, the defendant would have the opportunity to withdraw his guilty plea, even if the sentence he bargained for could be easily imposed on remand. "Were withdrawal automatic in every case ..., the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a grave and solemn act which is accepted only with care and discernment." *United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir.), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975).

Because Boddy is not permitted to withdraw his plea, we will therefore construe his

---

1. We note that Boddy can argue ineffective assistance of counsel upon collateral review if his trial counsel was in some way deficient for not objecting to the sentence imposed.

2. A remand for resentencing is, of course, not necessary in this case, for we believe that the sentence the trial court imposed was consistent with the defendant's understanding of the plea agreement.

arguments on appeal as attacks on his sentence, for he is essentially arguing (albeit in a somewhat tortured fashion) that his sentence is illegitimate because it was imposed in violation of the plea agreement. The circuits are in disagreement as to the standard that should apply to the determination as to whether there has been a breach of a plea agreement. Some circuits hold that the question should be reviewed de novo. *See, e.g., United States v. Fisch,* 863 F.2d 690, 690 (9th Cir.1988). Others hold that it is an issue of fact and should be reviewed for clear error. *See, e.g., United States v. Conner,* 930 F.2d 1073, 1076 (4th Cir.), *cert. denied,* 502 U.S. 958, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991).

We need not resolve the question about the proper standard of review today, for Boddy failed to object to his sentence. Normally, this would bar review on direct appeal. "If the system is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver." *United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995). Although FED.R.CRIM.P. 52(b) might permit us to review the sentencing decision for plain error ("[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the" trial court), we are satisfied that the trial court's decision to sentence Boddy to a consecutive sentence on the 924(c) count was not violative of the plea agreement, for the reasons stated earlier. Thus, the trial court did not commit plain error.

### III.  CONCLUSION

For the reasons stated herein and in the unpublished appendix to this opinion, we affirm defendants' convictions and sentences.