**Yon Clameche SNYDER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–1258.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit,

---

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

Pro se federal prisoner Yon Clameche Snyder appeals a district court judgment that denied his 28 U.S.C. § 2255 motion.

sitting by designation.

The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Snyder of two violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). He was sentenced to 292 months of imprisonment. This court affirmed his convictions on direct appeal. *United States v. Carr,* 170 F.3d 572 (6th Cir.1999) and *United States v. Carr,* No. 97–1367, 1999 WL 211928, at *6 (6th Cir. Mar.11, 1999) (unpublished appendix).

In June 2000, Snyder filed the instant § 2255 motion, claiming: (1) that his concurrent RICO sentences violated the Double Jeopardy Clause, (2) that the prosecutor violated his Fifth Amendment rights by indirectly commenting on his failure to testify, (3) counsel was ineffective, and (4) counsel's cumulative errors violated his right to a fair trial. With leave of court, Snyder amended his motion to include a fifth claim: that his sentence violated the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because factors that increased his guideline sentencing range were determined by a judge under the preponderance-of-the-evidence standard.

The district court denied relief on all grounds in a comprehensive sixteen-page opinion and order. The court thereafter granted Snyder a certificate of appealability on all five of the aforementioned issues.

In his timely appeal, Snyder has filed a brief that contains no argument except a reference to his district court filings. The government has filed a brief in response. Before he filed his appellate brief, Snyder filed a motion seeking the appointment of counsel on appeal.

■ We affirm the district court's judgment on the ground that Snyder has failed to brief adequately any appellate issue. *Thaddeus–X v. Blatter,* 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Despite our strong preference that claims be adjudicated on their merits, *see Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), and the liberal construction the court accords the briefs of pro se litigants, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se parties must still brief the issues advanced "with some effort at developed argumentation." *United States v. Reed,* 167 F.3d 984, 993 (6th Cir.1999) (internal quotations and citation omitted). Snyder's brief contains no argument.

■ Snyder's attempt to merely incorporate his district court claims by reference does not serve as an appellate argument. *See United States v. Elder,* 90 F.3d 1110, 1118 (6th Cir.1996) (concerning incorporation by reference under Fed. R.App. P. 28(i) and holding that issues raised by an appellant in a perfunctory manner are considered abandoned); *see also Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993) (disallowing incorporation by reference to district court documents where incorporation would exceed the page limitation for briefs); *accord Toney v. Gammon,* 79 F.3d 693, 696 n. 1 (8th Cir.1996); *Gilday v. Callahan,* 59 F.3d 257, 273 n. 23 (1st Cir.1995).

■ We note, however, that affirmance for the reasons stated by the district court would also be appropriate. The district court properly determined that Snyder is not entitled to § 2255 relief, and *Apprendi* may not be applied retroactively. *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001).

Accordingly, all pending motions are denied, and we affirm the district court's

judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.