**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Yosef HAGBY, also known as Yosi,
Defendant–Appellant.**

No. 00–6756.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY and GILMAN,
Circuit Judges; COHN, District Judge.*

*ORDER*

Yosef Hagby, a federal prisoner, appeals a district court judgment imposed following his guilty plea to one count of conspiracy to distribute and to possess with intent to distribute methylenedioxymethamphetamine, also known as "MDMA" or "ecstasy," in violation of 21 U.S.C. § 846. The parties have waived oral argument and this panel agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hagby was indicted on the conspiracy count described above and on two counts of using a telephone to facilitate a drug felony offense in violation of 21 U.S.C. § 843(b). On August 24, 2000, he pleaded guilty to the conspiracy count, pursuant to a written plea agreement, in exchange for dismissal of the other two counts. The plea agreement also provided that Hagby's base offense level would be 26 and that the government would recommend a three-level reduction for acceptance of responsibility. Two paragraphs were crossed out, with the changes initialed by the parties. One of these deleted paragraphs had stated that each party was free to argue where, within the applicable guideline range, the appropriate sentence should be. Instead, an oral modification provided that the government would not oppose a sentence at the low end of the guideline range. The district court sentenced Hagby on December 6, 2000, to 46 months in prison and three years of supervised release. This sentence, which was imposed to run concurrently to a 37–month sentence imposed by the Southern District of

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Florida, was based upon a total offense level of 21 and a criminal history category of I, resulting in a guidelines sentencing range of 37–46 months.

On appeal, Hagby argues that: (1) the government violated a material term of the plea agreement by advocating a sentence at the top of the applicable guideline range; and (2) if remanded, the case should be reassigned to a different judge to preserve the appearance of fairness.

Upon review, we vacate the district court's judgment because, as conceded by the United States, the government violated a material provision of the plea agreement by recommending a sentence at the top of the guidelines sentencing range. Upon remand, Hagby's resentencing should be conducted by a different judge in order to preserve the appearance of justice.

Whether the government's conduct violated the plea agreement is a question of law that this court reviews *de novo*. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir.2000). In this case, the government admits, as it must, that it mistakenly violated an agreed-upon term of the plea bargain in which it agreed not to oppose a sentence at the low end of the otherwise applicable guidelines. Nonetheless, at sentencing, the government asked the district court to "impose something at the top end of the range so as to sanction the conduct here in Kentucky." Although Hagby did not object to the government's recommendation at the time, the acknowledged breach constitutes plain error.

This court has recently stated that, in a case where a trial court has imposed a sentence in violation of a previously-accepted plea agreement, the proper remedy is a new sentencing hearing where the defendant can be sentenced in accordance with the agreement. *United States v. Carr*, 170 F.3d 572, 576 (6th Cir.), *cert. denied*, 527 U.S. 1028, 119 S.Ct. 2381, 144 L.Ed.2d 783 (1999). "Should a trial court, on remand, determine that it cannot sentence the defendant in accordance with a previously-accepted agreement, it should then (and only then) reject that agreement and permit the defendant to withdraw his plea." *Id.* Therefore, we vacate the district court's sentence in this case and remand for resentencing.

We further direct, however, that the resentencing take place by a different judge in order to preserve the appearance of justice. At sentencing, Judge Coffman forcefully expressed her dislike of drugs and imposed the maximum sentence available under the applicable guideline range, stating, "You just got the wrong judge."

There are several factors to be considered by a court of appeals in determining whether to direct reassignment to a different judge:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind the previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,

(2) whether reassignment is advisable to preserve the appearance of justice, and

(3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*United States v. Wolff*, 127 F.3d 84, 88 (D.C.Cir.1997) (citing *United States v. Robin*, 553 F.2d 8, 10 (2d Cir.1977) (en banc)).

Although we find that the record in the instant case is insufficient to show judicial bias and we are confident that, on remand, Judge Coffman would fairly consider the recommendation contained in the plea agreement, we conclude that "the appearance of justice would best be preserved by

reassignment." *United States v. Padilla*, 186 F.3d 136, 143 (2d Cir.1999); *accord Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Accordingly, the district court's judgment is vacated and the case is remanded for resentencing by a different judge in accordance with the terms of the plea agreement.