**Leroy RYALS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–6506.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

Leroy Ryals, a federal prisoner, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. § 2255. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

After his motion to suppress evidence was denied, Ryals pleaded guilty to possessing cocaine with intent to distribute. The district court sentenced him on July 7, 1995, to 120 months in prison and five years of supervised release. A panel of this court affirmed Ryals's conviction and sentence. *See United States v. Ryals,*

Nos. 95–6202/6203, 1997 WL 295340 (6th Cir. June 2, 1997).

In his pro se motion to vacate, Ryals presented three grounds for relief: (1) the government breached its obligation to recommend a sentence of 87 months; (2) his sentence was based upon constitutionally defective misinformation and false assumptions; and (3) trial counsel rendered ineffective assistance at sentencing. The district court subsequently appointed counsel who filed a separate motion to vacate, arguing only the issues of ineffective assistance of counsel regarding possible eligibility for the safety valve provision, and improper assumption of facts not in evidence by the district court.

In a report filed on November 15, 1999, a magistrate judge recommended that the motion to vacate be denied. Counsel filed objections to the recommended disposition of Ryals's ineffective assistance of counsel claim regarding the safety valve provision. The district court overruled counsel's objections, adopted the magistrate judge's report, and denied Ryals's § 2255 motion in an order entered on August 29, 2000. A separate judgment was entered August 31st.

The district court subsequently certified for appeal the following issues: (1) whether the government breached its obligation to recommend a sentence of 87 months; and (2) whether counsel rendered ineffective assistance at sentencing. This court denied a certificate of appealability as to the remaining issue. On appeal, Ryals, through counsel, continues to argue the merits of his grounds for relief.

This court generally reviews *de novo* the question of whether the government breached a plea agreement. *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir.2002). However, where the petitioner failed to raise the issue at sentencing, the issue is waived and, thus, subject only to plain error review. *Id.; United States v. Carr*, 170 F.3d 572, 577 (6th Cir.1999). When reviewing under a plain error standard, "this court may only reverse if it is found that: (1) there is an error; (2) that is plain; (3) which affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Moreover, because Ryals did not raise this issue at sentencing or on direct appeal, he must show cause for his procedural default and actual prejudice in order to obtain review on the merits in a § 2255 motion. *See Bousley v. United States*, 523 U.S. 614, 621–22, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Peveler v. United States*, 269 F.3d 693, 698–700 (6th Cir. 2001).

Ryals does not allege cause for failing to raise this issue on direct appeal. Even if it is assumed that Ryals can show cause for his omission, he suffered no actual prejudice from the government's failure to request an 87–month sentence. The colloquy at Ryals's change of plea hearing establishes that the government promised to recommend a sentence at the low end of the applicable guideline range which, absent application of a mandatory minimum sentence, would have been 87–108 months. The district court, however, informed Ryals that it was required by statute to sentence him to at least ten years. Thus, the applicable guideline range became, in effect, 120 months. The government did recommend that the district court not go above the minimum in sentencing Ryals. However, the district court's remarks at sentencing make clear the fact that, even if the government had specifically asked for 87 months, the court would have ruled it did not have the authority to sentence Ryals below the mandatory minimum. Ryals's first issue is meritless.

A showing of cause and prejudice is not necessary to raise ineffective assistance of counsel in a § 2255 motion. Generally, such claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review. *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001). Claims of ineffective assistance of counsel present mixed questions of law and fact that this court reviews *de novo*. *Olden v. United States*, 224 F.3d 561, 565 (6th Cir. 2000). Any findings of fact pertinent to the claim are reviewed for clear error. *Id.* To determine whether counsel was constitutionally ineffective, the court must ascertain whether counsel's performance was deficient and whether the deficient performance prejudiced the defendant's constitutional interests. *Id.*

Ryals argues that counsel was ineffective at sentencing in that he failed to present to the district court relevant facts and law that would have established that he qualified for consideration under the "safety valve" provision, 18 U.S.C. § 3553(f). Ryals acknowledges that, upon counsel's request, the district court did consider whether Ryals qualified for application of the provision. However, the court found that Ryals had failed to satisfy the fifth condition, i.e., "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence that defendant has concerning the offense...." 18 U.S.C. § 3553(f)(5). Ryals argues that his, admittedly, underwhelming proffer of information at sentencing was sufficient to meet the requirement and his attorney should have so stated to the district court.

Even if it is assumed that counsel's performance was deficient in that he should have argued more strenuously for a more favorable interpretation of § 3553(f)(5), Ryals has failed to demonstrate the prejudice necessary to obtain relief. This court considered on direct appeal whether the district court clearly erred in finding that Ryals did not satisfy the fifth requirement for application of the safety valve and affirmed the district court's determination.

Ryals also argues that counsel's performance was deficient by failing to take a more proactive role in urging Ryals to provide any information he had, rather than waiting for the government to ask, and by admitting to the court that Ryals did not know a lot. This argument, while stronger, is still unpersuasive. Ryals told the court at sentencing that "with regard to who I know and who I dealt with, I don't know." It is unlikely that this statement, even if timely offered to the government, would have satisfied the district court that Ryals had fulfilled the fifth requirement for application of the safety valve provision.

Accordingly, the district court's judgment is affirmed.