**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0210n.06
Filed: March 21, 2007

**No. 06-3029**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOSEPH E. KENNEDY, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COOK and McKEAGUE, Circuit Judges; and EDGAR, District Judge.[*]

PER CURIAM. Joseph E. Kennedy, proceeding pro se, appeals his conviction for conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, conspiracy to commit mail fraud and to defraud the United States in violation of 18 U.S.C. §§ 371 and 1341, and substantive mail fraud in violation of 18 U.S.C. § 1341. Kennedy raises numerous challenges to his conviction. We affirm.

I. Background

Kennedy and his co-defendants, Steven A. Ritchey and Joseph W. Flickinger, engaged in a bogus check scheme to defraud the Internal Revenue Service and individual financial clients. Kennedy persuaded his investment clients to pay their federal taxes with counterfeit checks he

---

[*]The Honorable Robert Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation.

supplied that were drawn on a fictitious European bank. Kennedy also advised Flickinger to pay his clients' federal taxes in the same manner. Kennedy was convicted and sentenced to 49 months in prison. He now appeals.

## II. Due Process and the Right to a Unanimous Jury Verdict

Kennedy first claims that he was denied due process because a juror allegedly slept through the reading of the jury instructions, and the court did nothing to rouse him. Although the government responds that Kennedy did not raise this issue below, he did file a post-verdict motion, labeled "Motion to Renew Rule 29 Motion," which complained of the juror's alleged slumber. Kennedy attached an affidavit to his post-verdict motion and his appellate brief in which several trial attendees swore that Juror Number 7 slept through the jury instructions. The record shows that the district court entered judgment against and sentenced Kennedy without ruling on his motion. When a district court fails to rule on a claim, we usually remand for consideration below. *Dualite Sales & Serv., Inc. v. Moran Foods, Inc.*, 194 F. App'x 284, 291 (6th Cir. 2006). In some circumstances, particularly when a claim raises an issue that "is narrow and specific, and the [district court's] implicit determination clear beyond any doubt, we may yet review to avoid the expensive alternative of remand for a practically assured *pro forma* express determination conforming to that one necessarily implicit in the judgment." *Id*. (internal quotation omitted).

Because Kennedy did not object to the alleged juror misconduct as it happened, only bringing it to the district court's attention a week after the guilty verdict, we review for plain error. *United States v. Critton*, 43 F.3d 1089, 1094 (6th Cir. 1995). We find none.

Kennedy's only support for his contention is the affidavit discussed above. Even if the juror slept through the jury instructions, Kennedy fails to show, or even allege, that such behavior "had a prejudicial effect on his defense." *United States v. Sherrill*, 388 F.3d 535, 537-38 (6th Cir. 2004); *United States v. Olano*, 62 F.3d 1180, 1188 (9th Cir. 1995). Additionally, the jurors received a written copy of the instructions to review during deliberations, which cured any prejudice Kennedy may have suffered. *Cf. Olano*, 62 F.3d at 1189.

## III. Jury Instruction Challenge

Next, Kennedy claims the district court erred by not instructing the jury that co-defendant Ritchey had died before trial and Kennedy could not be convicted of conspiring with him. We find this argument unsupported by any legal authority and meritless. Under federal conspiracy law, even "if charges are never brought against other alleged coconspirators, if charges are dismissed against all other coconspirators, or if a coconspirator has not yet been tried, dismissal of charges against the remaining conspirator is not required." *United States v. Sachs*, 801 F.2d 839, 845 (6th Cir. 1986).

## IV. Admissibility of Flickinger's Testimony

Kennedy also contends that the district court erroneously admitted the testimony of co-defendant Flickinger, who testified about his involvement in the bogus check scheme. Kennedy maintains that the common law as it existed in 1791 prohibited such testimony from an interested party with a criminal conviction and that any later-developed rule permitting such testimony is unconstitutional. Given Congress's plenary authority over the promulgation of evidentiary rules for the federal courts, we view this argument as frivolous and decline to address it.

## V. Motion for a Bill of Particulars

Kennedy also complains about the district court's denial of his motion for a bill of particulars. To succeed in his challenge, "the defendant must show not only that the court abused its discretion, but that [he] actually suffered surprise or other prejudice at trial." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (internal quotation omitted).

Aside from a vague reference to a denial of due process, Kennedy fails to show or allege any surprise or other prejudice at trial resulting from the denial of his motion. Nor does he assert that the indictment is so vague that a bill of particulars is necessary to protect him from subsequent prosecution for the same crimes. The district court did not abuse its discretion by denying Kennedy's motion.

## VII. Constructive Amendment of the Indictment

Kennedy next claims that the government constructively amended the indictment by introducing evidence of uncharged conduct. But "no constructive amendment arises from the admission of acts not charged in the indictment when the court's instructions to the jury preclude the possibility that the defendant was convicted on those acts." *United States v. Apodaca*, 843 F.2d 421, 428 (10th Cir. 1988). The court here twice gave such limiting instructions, both when the other-acts evidence was introduced and at the conclusion of trial. These instructions eliminated the possibility that Kennedy was convicted of offenses other than those charged in the indictment.

## VIII. "Readoption" of all Pretrial Motions

Finally, without citing any authority, Kennedy's brief "readopt[s] and reincorporat[es]" all of his pretrial motions. "The incorporation by reference of arguments made at various stages of the proceeding in the district court does not comply with the Federal Rules of Appellate Procedure," and we have explicitly disallowed this practice. *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) (citing Fed. R. App. P. 28(a)(9)); *see also Snyder v. United States*, 23 F. App'x 212, 213 (6th Cir. 2001) ("Snyder's attempt to merely incorporate his district court claims by reference does not serve as an appellate argument."). We deem these additional arguments forfeited. *Northland*, 327 F.3d at 452-53 (citation omitted).

## IX. Conclusion

For these reasons, we affirm.