I also have several policy concerns with the majority's ruling that the matter must be remanded to a different district judge. First of all, it interferes with the blind draw. Second, it unnecessarily duplicates district court time and expense because another district judge will now be required to formally review the file and impose sentence. It also wastes the probation officer's time, who will have to get the new district judge up to speed. The inefficiency is even more disturbing when one considers that, with a timely objection, the original district judge could instantaneously correct the Government's error at the sentencing. Third, the majority's rule also deprives the new judge of the opportunity to take the defendant's guilty plea, a process which dovetails the sentencing process, especially in a case like this, where the Government had agreed to recommend an acceptance of responsibility adjustment, and the presentence report contained a similar recommendation.

In addition, the majority's rule creates an incentive for defense counsel to intentionally waive the error at sentencing, so that the defendant can get a second bite at the apple with another district judge if the defendant does not get the sentence he wants the first time around. Indeed, now it is arguably malpractice *to object*. Finally, the majority's ruling puts an additional strain on the new district judge. Even if this Court does not clearly indicate that a different sentence is required, the very fact of the remand itself certainly creates the suggestion that this defendant deserves a different sentence on remand, even if that is not actually the case. This misimpression could in turn lead to the distortion of justice.

Accordingly, I **DISSENT.**

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0039P (6th Cir.)
File Name: 02a0039p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

 *v.*       No. 00-5567

ANTHONY DWAYNE BARNES,
 *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 99-20263—Julia S. Gibbons, District Judge.

Submitted: October 16, 2001

Decided and Filed: January 30, 2002

Before: KEITH, SUHRHEINRICH, and CLAY, Circuit
Judges.

———————————

## COUNSEL

**ON BRIEF:** Mary C. Jermann, WAMPLER & PIERCE, Memphis, Tennessee, for Appellant. Paul M. O'Brien, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

CLAY, J., delivered the opinion of the court, in which KEITH, J., joined. SUHRHEINRICH, J. (pp. 9-20), delivered a separate dissenting opinion.

---

## OPINION

---

CLAY, Circuit Judge.  Defendant, Anthony Dwayne Barnes, appeals from the judgment of conviction and sentence entered by the district court on April 21, 2000, following Defendant's guilty plea conviction for one count of use of a communication facility to facilitate the possession with the intent to distribute marijuana in violation of 21 U.S.C. § 843(b), for which Defendant was sentenced to eighteen months of imprisonment.  On appeal, Defendant contests the imposition of his sentence claiming that the government violated the terms of the plea agreement by not expressly requesting that the district court sentence Defendant at the low end of the guidelines, and claims that his criminal history level was erroneously based upon misdemeanors.

For the reasons set forth below, we **VACATE** Defendant's sentence and **REMAND** for resentencing before a different district court judge.

### STATEMENT OF FACTS

On November 19, 1999, Defendant pleaded guilty to using a communication facility – a telephone – to facilitate the commission of a drug felony; namely, "possession with intent to distribute marijuana, in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2." As part of the plea agreement, "[t]he government agree[d] to recommend that the Defendant be sentenced at the low end of the applicable sentencing guideline range."  The plea agreement also provided that "[t]he government agree[d] to recommend that the defendant's base offense level be calculated using two pounds of marijuana."

a copy of the transcript of the guilty plea hearing); *United States v. Canada*, 960 F.2d 263, 268-71 (1st Cir. 1992) (government breached agreement by urging court to impose higher sentence than that upon which it had agreed in plea agreement, specifically stating that the court should impose "a lengthy period of incarceration" and by failing to inform the court of the full extent of the defendant's cooperation; remanding for resentencing before a different judge stating that "[w]hether or not the sentencing judge was actually influenced by the Assistant United States Attorney's actions is not a material consideration"); *United States v. Grandinetti*, 564 F.2d 723, 727 (5th Cir. 1977) (holding that resentencing before a different district judge was required  where the government attorney "was not only an unpersuasive advocate for the plea agreement, but, in effect, argued against it").  In each of the cases cited by the majority, the Government engaged in *affirmative* conduct that breached the agreement by expressing sentiments at the sentencing hearing that were at odds with the promises made in plea agreements.

Here, the Government's error is simply one of omission.  I do not mean to suggest that by merely remaining silent, the Government can otherwise breach plea agreements with impunity. However, unlike the cases cited by the majority, there is nothing on this record to suggest impropriety by the Government.  *Cf. Canada*, 960 F.2d at 271 (noting that the Government's failure to explain the defendant's cooperative efforts might be overlooked, except that "[i]n the circumstances, however, the Assistant United States Attorney's silence about Canada's cooperation, like her failure ever positively to urge the 36 month sentence, has a more ominous ring").  In other words, the Government has not sent a mixed message to the District Judge, so there is no reason for this Court to doubt that the District Judge would consider the Government's non-binding recommendation at resentencing.  Furthermore, the District Judge in this case expressed no such disinclination, and nothing else in the record points to any potential bias against the Government's recommendation.  Indeed, the only innocent player here is the District Judge.

We are not bound by Circuit opinions which elevate that dicta to binding precedent. Furthermore, these cases present factual scenarios different from the one before us today. *Cf., United States v. Mondragon,* 228 F.3d 978, 980-81 (9th Cir. 2000) (government called sentencing court's attention to allegedly serious nature of defendant's prior offenses, despite promise in plea agreement to "make no recommendation regarding sentence," and the district court expressly stated that it did not think any of the comments were a recommendation on the sentence, stating that it was required to remand for resentencing before a different judge); *United States v. McQueen*, 108 F.3d 64, 65-66 (4th Cir. 1997) (plain error analysis; remanding for resentencing before a different district judge where the government failed, as agreed in an oral plea agreement, to recommend a limited sentence and an acceptance of responsibility adjustment and made affirmative statements that it could not ask the court to give the defendant a lower sentence because it believed there was no factual or legal basis for a downward departure; appellate court criticized the government for its alleged "unintentional" failure to abide by the agreement when it was the same AUSA for both the guilty plea hearing and sentencing hearing, for not reducing plea agreement to writing, and failing to procure

---

details of the negotiations for the plea. He stated that the prosecutor's recommendations did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty. We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge. *Santobello v. New York*, 404 U.S. 257, 262-63 (1971) (footnote omitted).

At sentencing, the court found Defendant's criminal history level was six, his sentencing range was determined to be twelve to eighteen months, and the court sentenced Defendant to eighteen months' imprisonment.

## DISCUSSION

Defendant first argues that his sentence should be reversed and his case remanded because the government breached the plea agreement by not recommending at sentencing that Defendant be sentenced at the low end of the guidelines as set forth in the plea agreement.

We review the question of whether the government's conduct, or lack thereof, violated its plea agreement with a defendant *de novo*. *See United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000). However, because Defendant failed to object after the government did not offer a recommendation at sentencing, Defendant waived his right to appeal any breach of the plea agreement, and a plain error analysis thus guides this Court's review. *See United States v. Carr*, 170 F.3d 572, 577 (6th Cir. 1999); *United States v. Cullens,* 67 F.3d 123, 124 (6th Cir. 1995); *see also Teeple v. United States*, No. 00-1389, 2001 WL 873644, at *1 (6th Cir. July 26, 2001) (unpublished opinion).

When reviewing a claim under a plain error standard, this Court may only reverse if it is found that (1) there is an error; (2) that is plain; (3) which affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings. *See United States v. Carter*, 236 F.3d 777, 783-84 (6th Cir. 2001).

Defendant's plea agreement indicates that the government expressly agreed to recommend that Defendant be sentenced at the low end of the guidelines. The plea agreement was read verbatim to Defendant by the district court at the change of plea hearing, at which time the court acknowledged that the government recommended that Defendant be sentenced at the low end of the guidelines, while Defendant acknowledged that the court was not bound by that recommendation.

Specifically, the following exchange took place between the court and Defendant at his plea hearing:

> THE COURT: And do you understand that the recommendations of the plea agreement with respect to the calculation of the sentencing guidelines and your receiving credit for acceptance of responsibility and your being sentenced at the low end of the guideline range, that those are all recommendations to the court? Do you understand that the judge does not have to accept those recommendations.
>
> THE DEFENDANT: Yes, ma'am.

(J.A. at 32-33). However, at Defendant's sentencing, the government failed to state this recommendation on the record.

In *Cohen v. United States*, 593 F.2d 766, 771-72 (6th Cir. 1979), this Court recognized that "[t]he leading decision on the question of the consequences of the failure of prosecuting authorities to abide by a plea bargain agreement is *Santobello v. New York*, 404 U.S. 257 (1971)." We went on to note that in *Santobello*, "the sentencing judge specifically stated that he was not concerned with the alleged breach of a plea bargain agreement because he was 'not at all influenced by what the District Attorney says.'" *Cohen*, 593 F.2d at 771 (citing *Santobello*, 404 U.S. at 499). We then recognized the Supreme Court's holding in *Santobello* that "notwithstanding this disclaimer the defendant would be entitled to relief if he established a breach of the plea agreement." *Cohen*, 593 F.2d at 771. Quoting from *Santobello*, we opined:

> [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled.
>
> We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that.

extent of his cooperation with the government"). This Court previously followed the Seventh Circuit's lead in another unpublished decision, *United States v. Malcolm*, No. 95-1087, 1997 WL 311416, at *9 (6th Cir. June 11, 1997) (unpublished) (holding that where the defendant fails to object to the alleged breach before the district court, appellate court may review the claim only for plain error, and stating that, "[i]n the context of an asserted breach of a plea agreement, the defendant must demonstrate that his sentence would have been different if the government had performed its part of the agreement"). Like the errors in *Flores-Sandoval*, *Teeple,* and *Malcolm*, the Government's breach of the plea agreement here is not plain error requiring a remand.

## II.

I also take issue with the majority's ruling that the matter be remanded to a different district judge. Again, *Santobello* does not dictate such a result. In *Santobello*, one prosecutor had promised not to make a recommendation at the time of plea bargaining and then another prosecutor had asked for the maximum punishment during sentencing. Defense counsel immediately objected at the sentencing hearing. As we observed in *Cohen*, in *Santobello*, "the sentencing judge specifically stated that he was not concerned with the alleged breach of a plea bargain agreement because he was "not at all influenced by what the District Attorney says." *Cohen*, 593 F.2d at 771 (quoting *Santobello*, 404 U.S. at 263). Although the Supreme Court did not say so, presumably the Court felt that a remand to the same sentencing judge might prove fruitless given his comment that he would not be influenced by anything the district attorney said. Yet even in that situation the Supreme Court did not *require* that the case be remanded to a different district judge, but left the matter to the discretion of the state courts. *Santobello*, 404 U.S. at 263.[2]

---

[2] The Supreme Court stated:
We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the

applicable Guideline range and by advising the court to consider all relevant conduct. Flores did not raise these issues at his sentencing. "Breach of a plea agreement cannot be raised for the first time on direct appeal." *D'Iguillont*, 979 F.2d at 614 (citing *United States v. Pryor*, 957 F.2d 478, 482 (7th Cir. 1992)). Forfeiture of an allegation of breach of a plea agreement is subject to the plain error exception. *Id.* This court will intervene only if the breach caused a different outcome at the sentencing hearing. *Id.* The government agreed in the plea agreement, that "[a]t the time of sentencing, the government shall recommend that the court impose a sentence at the lower end of the applicable guideline range. . . ." The district court had this agreement. At the sentencing hearing, the court advised Flores that it need not follow the government's recommendation, a point about which the sentencing agreement itself had warned Flores. Flores indicated he understood. In this light, the government's failure to state its position on the record at the sentencing hearing did not violate the agreement. The government had already conveyed to the court its position pursuant to the agreement and the court had in its possession written evidence of that agreement. Orally stating what was contained in the written agreement, with which the court was familiar already, would have been unlikely to change the court's sentence. Therefore, even were the government required by the agreement to recite orally its recommendation, its failure to do so did not prejudice Flores and does not constitute grounds for resentencing. *Cf. United States v. Pryor*, 957 F.2d 478, 482 (7th Cir. 1992) (no plain error where government's breach of plea agreement is technical failure to inform court of information about which court is already aware).

*United States v. Flores-Sandoval*, 94 F.3d 346, 351-52 (7th Cir. 1996). *See also Pryor*, 957 F.2d at 482 (stating that "this trivial, technical violation of a plea agreement is insufficient to require the setting aside of a defendant's guilty pleas. The sentencing judge was familiar with the plea agreement and heard the defendant's own testimony in its entirety as to the

Nevertheless, we conclude that the *interests of justice* and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiations of pleas of guilty will be best served by remanding the case to the state courts for further consideration. . . . We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge.

*Cohen*, 593 F.2d at 771 (emphasis added) (quoting *Santobello*, 404 U.S. at 499). This Court then held that,

> [a]s the touchstone of *Santobello* is whether the prosecution met its commitment and not whether the court would have adopted the government's recommendation, *it necessarily follows that in this case the Parole Board's awareness of and/or disinclination to adopt the terms and conditions of the plea agreement would be irrelevant.*

*Cohen*, 593 F.2d at 772 (emphasis added; footnote omitted).

The fact that our review is guided by a plain error standard does not effect the application of *Santobello*, *Cohen*, and their progeny inasmuch as is well-settled that when a defendant pleads guilty in reliance on a plea agreement, he waives certain fundamental constitutional rights such as the right to trial by jury. *See Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994); *United States v. Clark*, 55 F.3d 9, 12 (1st Cir. 1995). Because a defendant is foregoing these precious constitutional guarantees when entering into a plea agreement with the government, it is essential that "fairness" on the part of the prosecutor is presupposed. *See Santobello*, 404 U.S. at 261. In this context, "'fundamental fairness means that the courts will enforce promises made during the plea bargaining process that induce a criminal defendant to waive his constitutional rights and plead guilty.'" *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991) (quoting *Staten v. Neal*, 880 F.2d 962, 963 (7th Cir. 1989)). Because the agreement is premised upon a "fundamental fairness" so as to

insure that a defendant does not forego precious constitutional rights in vain, it has been found that

> [t]he Government's failure to argue the terms of [the plea agreement] to the district court at the sentencing hearing constituted a breach of the plea agreement. And because violations of the plea agreements on the part of the government serve not only to violate the constitutional rights of the defendant, but directly involve the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government, we hold that the Government's breach constituted plain error.

*United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997) (citation and internal quotation marks omitted); *see also United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994) ("It was insufficient that the court, by reading the presentence report and the plea agreement, was aware that the government had agreed to recommend a sentence at the low end of the guideline range. The harmless error rule does not apply to the law of contractual plea agreements.").

Indeed, several circuits have gone so far as to hold that a *de novo* standard is used when reviewing a defendant's claim that the government breached the plea agreement regardless of whether the defendant objected to the alleged breach at sentencing. *See United States v. Lawlor*, 168 F.3d 633, 636 (2d Cir. 1999) (holding that the defendant was not required to object to violations of the plea agreement at sentencing and that failure to do so neither waived the defendant's right to appeal nor required the court to conduct a plain error review); *United States v. Courtois*, 131 F.3d 937, 938 & n.2 (10th Cir. 1997) (same); *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989) (same).

Accordingly, where this Court has opined in binding precedent that the fact that a sentencing court may have implied that it would not have accepted a certain recommendation made by the government in a plea agreement, and the fact that the district court may have read

sentence before the sentencing judge in the first instance." *United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995). A failure to object results in waiver of the issue. *See id.* Once it became clear to Teeple that the prosecution was not going to state the recommendation made in the plea agreement, Teeple had to object or face waiver of the issue on appeal. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986).

By failing to object at the time of sentencing, defendant clearly waived his right to appeal any breach of the plea agreement. A plain error analysis is therefore applicable pursuant to Fed. R. Crim. P. 52(b). *See United States v. Carr*, 170 F.3d 572, 577 (6th Cir. 1999). In all likelihood any recommendation to stay within the guideline range would have had no effect on the district court in light of the district court's statement that it was going to depart upward under the sentencing guidelines based on Teeple's extensive criminal history. *In addition, the court had the plea agreement before it.* Teeple is not entitled to relief as the government's inaction did not affect his substantial rights.

*Teeple*, 2001 WL 873644, at *1 (emphasis added).

Like *Teeple*, the District Judge in this case had the plea agreement before it, prior to sentencing. In addition, the District Judge reviewed it in open court with Barnes, prior to his sentencing. As in *Teeple*, there is no realistic possibility that the District Judge would honor the Government's recommendation in light of her statement that, given Barnes's CHC of 6, the appropriate sentence was 18 months. In short, as in *Teeple*, the Government's inaction at the time of sentencing did not affect Barnes's substantial rights. There is no need to vacate Barnes's sentence.

In a case strikingly similar to this one, the Seventh Circuit ruled in relevant part:

> Flores next argues that the government breached its plea agreement by not arguing for the low end of the

breach.")  Thus, a plain error analysis, requiring a showing that the plain error affected both the defendant's substantial rights and the integrity of the judicial proceedings, was not at issue in those cases.  For this reason, *Teeple v. United States*, No. 00-1389, 2001 WL 873644 (6th Cir. July 26, 2001), which involved a plain error analysis, is persuasive authority, even though it is unpublished.[1]  *See also United States v. Pryor*, 957 F.2d 478, 482 (7th Cir. 1992) (holding that breach of a plea agreement cannot be raised for the first time on direct appeal).

In *Teeple*, as in this case, the plea agreement provided that the government would make a non-binding recommendation that the defendant's sentence be imposed within the guideline range.  At sentencing, the district court commented on the defendant's extensive criminal record, especially given his tender age of twenty-two years, and departed upward, based on the recommendation of the probation office.  The government stated that the presentence report fully informed the court of the gravity of the situation, and did not honor its promise.  The defendant did not object to the government's failure, however.  The *Teeple* defendant appealed, based on the government's failure to make a recommendation that the defendant be sentenced within the guidelines.  We ruled as follows:

> Underlying this issue is whether Teeple waived his right to appeal his sentence when he failed to object after the prosecution did not offer a recommendation at sentencing.  Well established in this circuit is the essentiality "that a defendant raise all objections to the

[1] The majority asserts in footnote 1 that *Teeple* "is in direct contravention of binding published authority from this Circuit."  This is incorrect.  *Cohen* is not on point because there the error was preserved and our review was de novo.  *Compare Cohen v. United States*, 593 F.2d 766, 771-72 (6th Cir. 1979) (not specifically mentioning but clearly conducting de novo review), *with Teeple v. United States*, No. 00-1389, 2001 WL 873644, at *1 (6th Cir. July 26, 2001) (applying plain error analysis because the defendant failed to object at the time of sentencing).

and had the plea agreement before it, are insufficient reasons to find that the government upheld its part of a given plea agreement, the government breached the plea agreement in the matter at hand by failing to expressly request that Defendant be sentenced at the low end of the guidelines range.  *See Cohen*, 593 F.2d at 772; *see also Santobello*, 404 U.S. at 262-63.  In addition, the government's breach amounted to reversible error under a plain error standard of review, inasmuch as the breach violated Defendant's constitutional rights such that the fundamental fairness and integrity of the judicial proceeding were compromised.[1]  *See Robison*, 924 F.2d at 613; *McQueen*, 108 F.3d at 66; *see also Santobello*, 404 U.S. at 262 (finding that where a defendant fulfills his promise in entering into a guilty plea, the prosecution is bound to fulfill any promise made in exchange, in order to insure the "fairness" of the plea bargaining process which has come to be known as an essential and desirable practice in the administration of criminal justice).

## CONCLUSION

Because we hold that Defendant's substantial rights were affected by the government's failure to adhere to the letter of the plea agreement by expressly recommending that Defendant be sentenced at the low end of the guidelines at sentencing, which affected the integrity of the judicial proceeding, we **VACATE** Defendant's sentence and **REMAND** for resentencing before a different district court judge, while intending no criticism to the sentencing judge here.  *See Santobello*, 404 U.S. at 263; *see also United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000) ("[W]e are required to . . . remand for re-sentencing before a different

[1] We are cognizant of this Court's holding to the contrary in the unpublished case of *Teeple v. United States*, No. 00-1389, 2001 WL 873644 (6th Cir. July 26, 2001).  However, because *Teeple* is an unpublished decision from this Court, and therefore not binding; because *Teeple* is in direct contravention of binding published authority from this Circuit; and because the published decisions from several of our sister circuits hold contrary to *Teeple*, we decline to follow *Teeple's* result.

judge . . . . We emphasize that this is in no sense to question the fairness of the sentencing judge . . . . We remand to a different judge for re-sentencing because the case law requires us to do so. We intend no criticism of the district judge by this action, and none should be inferred."); *United States v. McQueen,* 108 F.3d 64, 66 (4th Cir. 1997) ("Because the Government committed plain error in breaching the plea agreement, we grant McQueen the requested specific performance and remand his case to a different judge for resentencing."); *United States v. Canada,* 960 F.2d 263, 271 & n.9 (1st Cir. 1992) ("*Santobello* requires that the breach of a plea agreement be remedied by either 'specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or . . . the opportunity to withdraw [the] plea of guilty.'"); *United States v. Grandinetti*, 564 F.2d 723, 727 (5th Cir. 1977). In light of our holding, we need not address Defendant's claim regarding the calculation of his criminal history level.

The presentence report also summarized the relevant provisions of the plea agreement, including the provision that the Government had agreed to recommend at sentencing that Barnes be sentenced at the low end of the applicable sentencing guideline range. The District Judge expressly adopted the presentence report at the sentencing hearing. At the sentencing hearing, the District Judge reiterated that, as recommended in the presentence report, the guideline range was 12 to 18 months. Barnes made no objection. The District Judge then decided upon an appropriate sentence, just as she said she would at the change of plea hearing: "In terms of a sentence within the guideline range, the Court finds that given Mr. Barnes's criminal history, [CHC 6], that the appropriate sentence in this case is a sentence of 18 months[.]" Although the Government did not interject any comment at this juncture, Barnes did not either.

In short, the District Judge knew as early as the change of plea hearing that the Government had agreed to recommend that Barnes be sentenced at the low end of the guideline range. Barnes also knew at the change of plea hearing that the district court was not bound by the Government's recommendation. Thus, it cannot be said that Barnes's substantial rights were affected, because the District Judge was fully cognizant of the Government's non-binding position when she exercised her authority in sentencing Barnes. Barnes has not shown, and cannot show, that the District Judge would have imposed a different sentence, at the low end of the applicable guideline, had the Government openly asserted its recommendation at sentencing. The majority's attempt to isolate the sentencing hearing process ignores the reality of the interplay between the plea and sentencing process.

*Cohen v. United States*, 593 F.2d 766 (6th Cir. 1979), and *Santobello v. New York*, 404 U.S. 257 (1971) are not controlling because in both of those cases the issue was preserved. *See United States v. D'Iguillont*, 979 F.2d 612, 614 (7th Cir. 1992) ("*Santobello* . . . is predicated upon a defendant's proper objection to the government's alleged

*understand the judge does not have to accept those recommendations?*

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And that if the judge does not accept those recommendations, you'll not be allowed an opportunity to withdraw your plea, do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Has your attorney discussed with you the application of the sentencing guidelines to your case?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  *And do you understand the court will be determining what the appropriate guideline range is* and then under virtually all circumstances you must be sentenced within that range?

THE DEFENDANT:  Yes, ma'am.

Thus, at the change of plea hearing, Barnes reviewed the provisions of the plea agreement, as interpreted by the District Judge.  Barnes openly acknowledged to the District Judge that he understood that the Government's recommendation was not binding on the district court and agreed that, pursuant to the terms of the plea agreement, the district court was the ultimate arbiter of the appropriate guideline range.

More importantly, by reviewing the provisions of the plea agreement with Barnes at the change of plea hearing, the District Judge was herself made aware of those provisions, including the Government's intent to recommend that Barnes be sentenced at the low end of the guidelines, because she read that provision *out loud to Barnes*.  More to the point, the District Judge was aware, as early as the plea change hearing, the Government's intended recommendation, and the parties knew she knew.

_____

**DISSENT**

_____

SUHRHEINRICH, Circuit Judge, dissenting. I do not find plain error in this case. I therefore do not think we should vacate Barnes's sentence and remand for resentencing. I also do not agree that, assuming a remand is required, the matter should be sent to a different district judge. I therefore dissent.

**I.**

As the majority observes, when reviewing a claim under the plain error standard, we may reverse only if we find (1) error, (2) that is plain, (3) which affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Carter*, 236 F.3d 777, 783-84 (6th Cir. 2001).  I agree that there was error in that the  Government failed to recommend at sentencing that Defendant be sentenced at the low end of the guidelines, as promised in the plea agreement.  I do not agree, however, that it was an error which affected substantial rights in this case or that seriously affected the fairness of the judicial proceedings.

Admittedly, the Government agreed in the plea agreement to recommend that Barnes be sentenced at the low end of the guidelines.  The plea agreement provides in relevant part:

1. The Government agrees to dismiss the indictment in 99-20106-T in exchange for the defendant's plea of guilty to a one count Information charging him with violating 21 U.S.C. § 843(b).  The government agrees to recommend that the defendant's base offense level be calculated using two pounds of marijuana.

2. The Defendant has been informed of the nature of these charges and the elements of these charges which must be proved by the Government beyond a reasonable doubt before he could be found guilty.  By voluntarily

pleading guilty, the Defendant knowingly waives and gives up his constitutional rights; to plead not guilty, to compel the Government to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have the jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case. By signing this agreement, the defendant admit[s] that he is, in fact, guilty of this offense and will enter his guilty plea before the court.

3.   *The Government agrees to recommend that the Defendant be sentenced at the low end of the applicable sentencing guideline range.*

. . .

5.   The Defendant acknowledges that he has not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for his plea of guilty. The Defendant further understands that his attorney will be free to argue any mitigating factors in his behalf and will be free to propose any alternatives to incarceration available under the Sentencing Guidelines.   The Defendant further understands that he will have an opportunity to personally address the Court prior to sentence being imposed.

6.   The Defendant has discussed the terms of the foregoing plea agreement with his attorney and is satisfied with his attorney and his advice and counsel. *Being aware of all the possible consequences of his plea,* the Defendant has independently decided to enter his plea on his own free will, and affirms that agreement on the date and by the signature below.

(J.A. 14-15; emphases added.)   Barnes signed this plea agreement on November 19, 1999, (J.A. 16), and

acknowledged doing so to the district court at the change of plea hearing.

At the change of plea hearing, the District Judge read the pertinent provisions of the agreement virtually *verbatim* to Barnes:

THE COURT:  The plea agreement provides that the government will dismiss the indictment in case 99-20106 in exchange for your plea of guilty to a one-count information charging you with violating 21 USC Section 843(b).  The government agrees to recommend that the defendant's base offense level be calculated using two pounds of marijuana.  You've been informed of the nature of the charges and the elements of the offense that must be proved by the government beyond a reasonable doubt.  You indicate that your, that you have been advised of the rights that you are giving up, and the plea agreement reiterates the rights that you are in fact giving up.  You admit that you are in fact guilty.

*The government agrees to recommend that you be sentenced at the low end of the applicable guideline range,* that you receive credit for responsibility, and that you receive credit for acceptance of responsibility if you in fact demonstrate acceptance of responsibility by your conduct up to and including sentencing, indicates that you are voluntarily pleading guilty, that you understand you'll be able to personally address the court at sentencing, and that your attorney can argue any mitigating factors on your behalf. You indicate that you are satisfied with your lawyer and her advice.

. . .

THE COURT: Okay. *And do you understand that the recommendations of the plea agreement with respect to the calculation of the sentencing guidelines and your receiving credit for acceptance of responsibility and your being sentenced at the low end of the guideline range, that those are all recommendations to the court? Do you*