**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Omar ROSS, Defendant–Appellant.**

No. 01–2477.

United States Court of Appeals, Sixth Circuit.

July 9, 2003.

Before CLAY and ROGERS, Circuit Judges; and COFFMAN, District Judge.[*]

COFFMAN, District Judge.

This appeal raises the question of the appropriate point of departure for a depar-

[*] The Honorable Jennifer B. Coffman, United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

1. Section 3553(e), in relevant part reads:

ture under 18 U.S.C. § 3553(e) of the sentencing guidelines where a defendant is subject to a mandatory minimum sentence and the question of whether the district court erred in refusing to re-sentence the defendant due to an alleged breach of the plea agreement. Because the Court finds that the district court correctly applied the law as to both questions, we AFFIRM the district court's judgment.

## I. Background

On December 6, 2000, Omar Ross was indicted for possessing with the intent to distribute at least fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). After filing two unsuccessful motions to suppress evidence, Ross entered into a plea agreement with the United States, under which he would plead guilty and the government would specify only one of his two prior felony drug convictions in the penalty enhancement information submitted to the court. Had both of Ross's prior convictions been specified, Ross would have faced a mandatory term of life imprisonment without the possibility of parole. 21 U.S.C 841(b)(1)(a). If only one of Ross's prior convictions was specified, Ross instead would have faced a statutory term of not less than twenty years and not more than life in prison. *Id.* Additionally, Ross provided information to the government, some of which resulted in the prosecution of another drug dealer. In recognition of Ross's substantial assistance, the United States filed a motion for downward departure from the sentencing guideline, pursuant to 18 U.S.C. § 3553(e).[1] The

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person

government recommended that the court depart below the mandatory minimum sentence of twenty years and impose a sentence of seventeen years.

At Ross's sentencing hearing on October 9, 2001, Ross asked the court to use the sentencing guideline range calculated in his pre-sentence report rather than the statutory minimum sentence as the starting point for the downward departure. As calculated by the pre-sentence investigation report, Ross's conduct, given his criminal history category, suggested an imprisonment range of 151 to 188 months. As stated in the pre-sentence report and followed by the district court, however, the sentencing guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG § 5G1.1(b). Consequently, the district court concluded that the twenty-year mandatory minimum sentence under 21 U.S.C. 841(b)(1)(a)—not the 151 to 188 months set out in the pre-sentence report—was the appropriate guideline sentence in this case. Ross did not object to the district court's finding that the correct guideline sentence was twenty years, but persisted in requesting that the district court consider imposing a sentence in the guideline range that would apply in the absence of a statutory mandatory minimum sentence. The district court declined to do so, but granted the government's motion for downward departure and sentenced the defendant to seventeen years' imprisonment, reflecting the three-year departure requested by the United States.

The district court recalled the case the next day due to its failure to inform Ross of his right to appeal. At the hearing, Ross asserted for the first time that the United States had breached an oral term of the parties' plea agreement. According to Ross's counsel, "[t]he agreement was that if [Ross's counsel] would not request a sentence below the sentencing guideline computation, that [the government] would be silent and not respond." The government denied that there was an agreement and also argued that, even if the agreement described by Ross did exist, the agreement was breached when Ross's attorney invited the court to depart and impose a term of imprisonment below the guideline range. The government stated that it would not object, however, if the court wished to reconsider the sentence imposed, as requested by Ross.

The court made no finding as to whether the agreement as described by Ross actually existed, noting that the parties disagreed about the content of their discussions. Instead, the court relied on the written and spoken record. The court reiterated that the applicable guideline range was twenty years and that the government's motion for a downward departure had been granted and the defendant sentenced to seventeen years' imprisonment. Finding no basis on which to amend Ross's sentence, the court declined to do so. Ross appealed.

## II. Discussion

In this appeal, Ross raises two issues. First, Ross contends that the district court erred in using, as a departure point, the statutory minimum term of twenty years rather than the guideline range calculated

---

who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission.

18 U.S.C. § 3553(e).

in the pre-sentence report. Second, Ross argues that the district court erred in declining to re-sentence Ross based upon the alleged agreement between counsel.

## A. Appropriate point of departure

Ross's first contention of error raises an issue of law regarding the interpretation of a statute and the sentencing guidelines. *United States v. Stewart,* 306 F.3d 295, 331 (6th Cir.2002). This court reviews such questions *de novo.*[2]

■ The Court concludes that the district court did not err in selecting the statutory mandatory minimum sentence rather than the otherwise applicable guideline range as the point of departure under 18 U.S.C. § 3553(e). As this Court recently noted in *Stewart,* when the defendant is subject to a statutory mandatory minimum, "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *Id.* at 332.[3]

## B. Alleged breach of plea agreement

Ross's second contention of error is that the district court should have re-sentenced Ross due to the alleged breach of the plea agreement. According to Ross, the government breached an oral term of his plea agreement by failing to remain silent after Ross had stated his position on sentencing. Ross waived his objection, however, by failing to object to the government's statement when it was made. *See United States v. Barnes,* 278 F.3d 644, 646 (6th Cir.2002) ("[B]ecause Defendant failed to

object after the government did not offer a recommendation at sentencing, Defendant waived his right to appeal any breach of the plea agreement."). Consequently, the Court reviews the defendant's claim for plain error. *Id.* Under the plain error standard, this court will reverse the district court only if it finds that "(1) there is an error; (2) that it is plain; (3) [the error] affected the defendant's substantial rights; and (4) [the error] seriously affected the fairness, integrity or public reputation of the judicial proceeding." *Id.*

■ The court concludes that the district court did not err in refusing to re-sentence Ross after being notified of the purported breach of an oral term of the plea agreement. Even if the agreement described by Ross did in fact exist, the agreement was first violated by Ross's counsel when he suggested that the district court impose a sentence below the guideline range. Ross's breach of the alleged agreement relieved the government of its reciprocal obligations, *United States v. Skidmore,* 998 F.2d 372, 375 (6th Cir. 1993), and the government, therefore, had no obligation to remain silent and could respond to Ross's argument.

## III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

2. The government argues that this Court should review Ross's claim under the "plain error" standard because Ross failed to object to the sentencing report at the sentencing hearing. *See United States v. Bartholomew,* 310 F.3d 912, 926 (6th Cir.2002). The district court did not err under either standard, so this Court finds it unnecessary to consider whether the statements of Ross's counsel dur-

ing the sentencing hearing constituted an objection that would preserve the alleged error.

3. While the Court finds the manner of departure employed by the district court to be permissible, the Court does not consider whether other manners of departure would be permissible also, as that question is not before it.