**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0521n.06
Filed: July 24, 2007

**No. 05-6672**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FIDELITY MURCHISON, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**Before: Moore and Griffin, Circuit Judges; McKinley, District Judge.[*]**

**McKinley, District Judge.** Defendant-Appellant Fidelity Murchison appeals her sentence on one count of conspiring to distribute five or more kilograms of powder cocaine and fifty or more grams of crack cocaine pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A) and one count of conspiring to commit money laundering offenses pursuant to 18 U.S.C. § 1956(h). Murchison contends that the United States breached the plea agreement when it failed to inform the district court as to her cooperation. Murchison also claims that the district court erred when it failed to treat the Sentencing Guidelines as advisory and failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

---

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

For the reasons that follow, we **VACATE** Murchison's sentence and **REMAND** the case to the district court.

## I. FACTS

On April 5, 2005, Defendant was indicted along with five co-defendants by a federal grand jury in the Eastern District of Tennessee on two criminal counts stemming from a conspiracy to distribute cocaine. Count One charged Defendant with conspiring to distribute five or more kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride and 50 grams or more of a mixture or substance containing crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Two charged Defendant with conspiring to commit money laundering offenses in violation of 18 U.S.C. § 1956(h).

On July 18, 2005, Defendant entered a plea of guilty to Counts One and Two pursuant to a plea agreement with the United States. Under the terms of the plea agreement, Defendant agreed "to waive all rights to appeal her conviction or sentence on any ground, including those rights contained in Title 18, United States Code, Section 3742 provided that the sentence does not exceed the statutory maximum for her crimes or does not otherwise constitute a violation of law." Joint Appendix ("J.A.") at 36. The plea agreement also provided that at sentencing, the United States would bring to the district court's attention the nature, extent, and value of the defendant's cooperation. On October 19, 2005, Defendant was sentenced to concurrent terms of imprisonment of 97 months on each conviction, followed by three years supervised release. The United States failed to inform the district court of Defendant's cooperation. Defendant filed her timely notice of

appeal on October 28, 2005.

## II. ANALYSIS

Murchison advances three arguments on appeal: (1) appellate review is not barred by her waiver of the right to appeal her sentence contained in the plea agreement; (2) the government breached the plea agreement when it failed to inform the district court as to the nature, extent, or value of her cooperation; and (3) the district court erred when it failed to treat the Sentencing Guidelines as advisory and failed to properly review the sentencing factors set forth in 18 U.S.C. § 3553(a).

## A. Appeal Waiver

Murchison first argues that despite the fact that the plea agreement contained an appellate-review waiver, this court has jurisdiction to hear her appeal. The plea agreement provides in relevant part that, "defendant knowingly and voluntarily agrees to waive all rights to appeal her conviction or sentence on any ground, including those rights contained in Title 18, United States Code, Section 3742 provided that the sentence does not exceed the statutory maximum for her crimes or does not otherwise constitute a violation of law." J.A. at 36. Murchison argues that because her waiver was invalid due to the breach of the plea agreement by the government, this Court should consider the merits of her appeal to determine if her sentence was lawful. Murchison also contends that because the district court told her that she had the right to appeal her case and the government failed to object or challenge the statement by the district court, the government does not have standing to object to an appeal. Further, Murchison argues that she has the right to rely on the statements of the district court and those statements should be enforced by this Court. The

Government concedes that appellate review is not barred by Defendant's waiver of her right to appeal her sentence.

We review de novo the question of whether a defendant waived her right to appeal her sentence. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005). A defendant in a criminal case may waive the right to appeal as long as the defendant waives the right knowingly and voluntarily. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). A knowing and voluntary waiver of a right to appeal normally is valid and will preclude review of an issue on appeal. *Id.* at 764-65.

Initially, the district court's misstatement to Murchison at sentencing that she could appeal her sentence does not prevent this Court from enforcing the appellate-review waiver in the plea agreement. *Id.* "[A] sentencing court cannot unilaterally restore a right to appeal that has been waived by the defendant pursuant to a valid plea agreement . . . ." *Id.* at 762. Therefore, if the waiver contained in the plea agreement prevents Murchison from challenging her sentence, the waiver will preclude review of the issues raised by Murchison on appeal.

In her agreement with the government, Murchison waived her right to appeal her sentence "provided that the sentence does not exceed the statutory maximum for her crimes or does not otherwise constitute a violation of law." J.A. at 36. Waiver of the right to appeal a sentence that does not otherwise constitute a violation of law "requires this court to determine if the sentence complies with law and, therefore, does not really function as an appeal waiver." *United States v. Dellheim*, 187 F. App'x 573, 576 (6th Cir. July, 6, 2006)(unpublished)(holding that a waiver of the right to appeal any "lawful sentence" was "effectively nugatory" and did not function as an appeal

waiver).  Accordingly, given the language of the waiver provision and the government's concession

of this point, we will consider Murchison's arguments on the merits.

## B.  Breach of the Plea Agreement

Murchison argues that the government breached the plea agreement when it failed to properly

inform the district court as to the nature, extent, or value of the her cooperation.  Paragraph 10 of the

plea agreement provides in relevant part that  "[a]t the time of sentencing, the United States will

bring to the court's attention the nature, extent, and value of the defendant's cooperation.  This

information will be provided to the court so that it may be considered in determining a fair and

appropriate sentence under the facts of the case."  J.A. at  33.  Murchison argues that by standing

silent concerning her cooperation, the government's breach amounted to reversible error under a

plain error standard of review.   Murchison requests that this court vacate her sentence and remand

the case for specific performance of this provision of the plea agreement.  The government concedes

that it unintentionally failed to advise the district court at the time of sentencing of the nature, extent,

and value of Murchison's cooperation as anticipated by the plea agreement.  The government does

not oppose a remand for specific performance of this provision of the plea agreement.

The court reviews the question of whether the government's conduct violated its plea

agreement with a defendant *de novo*.  *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir. 2002).

However, because Murchison failed to object after the government did not inform the district court

of her cooperation, any breach of the plea agreement is reviewed for plain error.  *Id.*; *United States*

*v. Caruthers*, 458 F.3d 459, 473 (6th Cir.), *cert. denied*, 127 S. Ct. 752 (2006).  Under a plain error

standard, this Court may reverse only if it is found that "(1) there is an error; (2) that is plain; (3)

which affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Barnes*, 278 F.3d at 646.

The plea agreement indicates that the government expressly agreed to advise the district court at the time of sentencing of the nature, extent, and value of Murchison's cooperation. However, at her sentencing, the government failed to do so. "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled.'" *Id.* at 647 (citing *Cohen v. United States*, 593 F.2d 766, 771 (6th Cir. 1979)). *See also Santobello v. New York*, 404 U.S. 257 (1971).

> The Government's failure to argue the terms of [the plea agreement] to the district court at the sentencing hearing constituted a breach of the plea agreement. And because violations of plea agreements on the part of the government serve not only to violate the constitutional rights of the defendant, but directly involve "the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government," we hold that the Government's breach constituted plain error.

*Barnes*, 278 F.3d at 648 (quoting *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997)(citations omitted)).

Given the above case law and the government's concession of this point, we find the government's breach of the plea agreement amounted to reversible error under a plain error standard of review.

### III.  CONCLUSION

For the reasons above, we **VACATE** the sentence and **REMAND** to the district court for resentencing. In light of the government's concession that resentencing is necessary, we decline to address Murchison's other challenges to her sentence.