**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0609n.06
Filed: October 10, 2008

**No. 07-3121**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|      ) | |
|      Plaintiff-Appellee,      ) | |
|      ) | |
| v.      ) | ON APPEAL FROM THE UNITED |
|      ) | STATES DISTRICT COURT FOR |
|      ) | THE SOUTHERN DISTRICT OF |
| MULUNAS NOMOST JACKSON,      ) | OHIO |
|      ) | |
|      Defendant-Appellant.      ) | |

---

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

**PER CURIAM**. Defendant Mulunas Nomost Jackson appeals the sentence imposed by the district court following his guilty plea to the charge of being a felon in possession of a firearm. He argues: (1) the district court erred in using parole documentation to determine the nature of a prior conviction; (2) the district court erred in finding that the prior conviction was a "controlled substance offense"; and (3) the government breached its plea agreement with him. Because the government failed to satisfy its obligation under the plea agreement, we VACATE the sentence and REMAND for re-sentencing before a different district judge.

## BACKGROUND

In 2005, Jackson was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). A plea agreement was filed, and Jackson pled guilty to the charged

offense. If Jackson continued to accept responsibility through the time of sentencing, the government agreed to the following:

> [T]he United States will *notify* the District Court pursuant to U.S.S.G. §3E1.1(b) stating to that [sic] the defendant has timely notified authorities of his intention to plead guilty; and (2) pursuant to U.S.S.G. §2K2.1(a)(4)(A) *the defendant committed the instant offense subsequent to sustaining one felony conviction for a crime of violence resulting in a base offense level of 20*.

(emphasis added). The plea agreement then cautioned that "these agreements are not binding on the Court and the final determination of the applicable guideline range for Defendant's sentence rests solely with the Court."

A probation officer prepared a presentence investigation report (PSR) and discovered a prior drug offense that the plea agreement did not take into account. As a result of this offense, the PSR stated that Jackson's base offense level was 24, minus three levels for acceptance of responsibility. Based on the offense level in the PSR, Jackson's Sentencing Guidelines range was 77 to 96 months of imprisonment. Jackson objected to the PSR and argued that his base offense level should be 20. The district court ruled that the PSR correctly calculated the Guidelines range and sentenced Jackson to 96 months of imprisonment and three years of supervised release.

**DISCUSSION**

A. Prior Controlled Substance Offense

The district court properly found that Jackson was subject to a sentencing enhancement because he had a prior controlled substance offense. Under the Sentencing Guidelines, a controlled substance offense is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b). Mere possession without proof of intent to "manufacture, import, export, distribute, or dispense" is not a controlled substance offense. *United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006).

The offense at issue here is a 1992 conviction for "aggravated trafficking" under Ohio Rev. Code § 2925.03(A). The version of § 2925.03 in effect at the time of Jackson's conviction contained multiple subsections that criminalized several different activities, including mere possession of drugs in excess of a certain "bulk amount." Ohio Rev. Code Ann. § 2925.03(A)(4), (6), (9) (West 1993). In *Montanez*, this court applied a "categorical approach" and held that a defendant's convictions under §§ 2925.03(A)(6) and (9) did not qualify as controlled substance offenses under the Sentencing Guidelines. 442 F.3d at 489, 494. "Generally speaking, only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine whether a prior conviction is a controlled substance offense." *Id.* at 489 (quoting *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006)). If a statute criminalizes both conduct that qualifies as a controlled substance offense and conduct that does not, then the categorical approach is not determinative. *See id.* at 493 (discussing *United States v. Wright*, 43 F. App'x 848 (6th Cir. 2002)).

In this case, we know only that Jackson was convicted under § 2925.03(A), which criminalizes both qualifying and non-qualifying conduct. When the categorical approach fails to resolve the inquiry, " a sentencing court may look to the 'charging document, written plea agreement,

transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented' in order to determine whether the prior crime qualifies as a controlled substance offense." *Id.* at 489 (quoting *Shepard v. United States*, 544 U.S. 13, 15 (2005)) (internal citation omitted). In *Shepard*, the Supreme Court limited sentencing courts to examining the aforementioned documents or "some comparable judicial record of this information" in evaluating whether a prior offense satisfies the requirements to be an aggravating factor. *See* 544 U.S. at 26.

At the sentencing hearing, the prosecutor mistakenly referred to parole documentation in support of the PSR's finding that Jackson had committed a controlled substance violation. However, the district court made clear that its decision was based on official court documents, not the parole records. Specifically, the district court relied on the indictment that charged Jackson "with knowingly selling, or offering to sell, a controlled substance." Under *Shepard* and *Montanez*, it is appropriate for a sentencing court to consider the charging document to evaluate the nature of a prior conviction when the categorical approach is not determinative. Therefore, the district court properly determined that Jackson had been convicted of a controlled substance offense.

### B. Breach of the Plea Agreement

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). In this case, the government agreed that if Jackson continued to accept responsibility through the time of sentencing, it would notify the district court that "the defendant committed the instant offense subsequent to sustaining one felony conviction for a crime of violence resulting in a base offense level of 20." We review de novo the

district court's interpretation of a plea agreement. *United States v. Fitch*, 282 F.3d 364, 366 (6th Cir. 2002). We also review de novo whether the government violated the plea agreement. *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir. 2002).

At Jackson's sentencing, the prosecutor never stated that Jackson had "committed the instant offense subsequent to sustaining one felony conviction for a crime of violence resulting in a base offense level of 20." The government argues that it did not breach the plea agreement because when asked to respond to defense counsel's arguments, the prosecutor merely agreed with the probation officer's findings. It also stresses that the plea agreement made clear that it was not binding on the sentencing court. This argument ignores the fact that the plea agreement created an affirmative obligation upon the government to "notify" the district court of certain information. Whether Jackson understood that he could receive up to the statutory maximum sentence is not relevant to whether the government upheld its end of the plea agreement. The propriety of the district court's sentencing decision is also a separate issue from whether the government violated the plea agreement. A district court's statements about how it reached a sentencing decision do not negate the government's obligations under a plea agreement. *See Barnes*, 278 F.3d at 648.

The plea agreement in this case did not require the government to recommend or advocate a specific sentence or offense level. It simply required the government to notify the court that Jackson had a specific base offense level. If the prosecutor had simply acknowledged and restated what the government agreed to in the plea agreement, the requirement to notify would have been satisfied. If the district court then wanted to impose a higher sentence, the prosecutor would have been free to provide facts to support the reasonableness of that sentence. The government does not

breach a plea agreement merely because a prosecutor "recite[s] many of the damning facts" to support the district court's sentencing decision. *See United States v. Fouse*, 250 F. App'x 704, 711-12 (6th Cir. 2007) (unpublished opinion) ("A neutral recitation of facts does not breach a plea agreement.").

When the government breaches a plea agreement, "the fundamental fairness and integrity of the judicial proceeding [are] compromised." *Barnes*, 278 F.3d at 648. Further, "[t]he harmless error rule does not apply to the law of contractual plea agreements." *Id.* (quoting *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994)). Therefore, when the government breaches a plea agreement, we must vacate the district court's sentencing decision and remand for re-sentencing before a different district judge. *See id.* at 649 (citing *Santobello*, 404 U.S. at 263); *see also United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000) ("[W]e remand to a different judge for re-sentencing because the case law requires us to do so. We intend no criticism of the district judge by this action, and none should be inferred.").

**VACATED and REMANDED.**