NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0084n.06

Case No. 18-5340

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 20, 2019
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff-Appellee,                  )
                                             )        ON APPEAL FROM THE UNITED
v.                                           )        STATES DISTRICT COURT FOR
                                             )        THE WESTERN DISTRICT OF
DEON EUGENE BROWN, SR.,                       )        TENNESSEE
                                             )
        Defendant-Appellant.                 )
                                             )
_____/

Before: MERRITT, CLAY, and ROGERS, Circuit Judges.

**MERRITT, Circuit Judge.** This is a direct criminal appeal where the District Court sentenced the defendant, Deon Brown, Sr., to 275 months of incarceration for one count of conspiracy to distribute methamphetamine. The defendant pled guilty to the offense and waived his right to appeal. The plea agreement provided that if the defendant were to continue to demonstrate affirmative acceptance of responsibility, then the government would accordingly request a full sentencing reduction under § 3E1.1 of the sentencing guidelines. At one of the three sentencing hearings the defendant denied some of the relevant conduct to the charged offense. These denials affected his final offense level under the sentencing guidelines. The District Court found that the defendant was "not truthful" at the hearing, and the government requested that Brown not receive any reduction for acceptance of responsibility. But the Court still afforded him

a sentencing guidelines reduction for acceptance of responsibility and gave him a below-guidelines sentence. We **AFFIRM** the sentence selected by the District Court.

Section 3E1.1 of the sentencing guidelines sets up the acceptance of responsibility reduction as a two-stage process for a total of three possible points:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

In the first stage under § 3E1.1(a), the District Court can reduce the defendant's offense level by two points if the defendant "clearly demonstrates acceptance of responsibility for his offense." In the second stage, under § 3E1.1(b), the government can choose to move that the District Court award a further one-point reduction if certain conditions are met. The total number of possible points is three. A defendant is not entitled to these three points when he "hedge[s]" or mischaracterizes the offense because he negates his acceptance of responsibility for the crime. *United States v. Cook*, 607 F. App'x 497, 500 (6th Cir. 2015); *United States v. Wolfe*, 71 F.3d 611, 616 (6th Cir. 1995).

The defendant's plea agreement addressed this two-stage, three-point acceptance of responsibility reduction. The government promised both to recommend that the District Court grant the initial two points and also to make the motion contemplated by U.S.S.G. § 3E1.1(b) so that the defendant would receive the full three-point reduction. The government's promise was made in return for an appeal waiver and was contingent on the defendant's continued affirmative acceptance of responsibility.

The District Court held three hearings. At the first hearing, Brown changed his plea and pled guilty to count one of the indictment. At the second hearing, he disputed the amount of methamphetamine attributable to him, denied a criminal association with the conspiracy's leader, and distanced himself from other basic facts of the conspiracy. Because Brown had not demonstrated continued affirmative acceptance of responsibility by testifying as he did, the government suggested that he not receive any of the three points for acceptance of responsibility. The government also formally declined to make the motion for the third point under § 3E1.1(b). At the third hearing, the Court found that Brown had not been truthful during the second hearing, granted the two-point acceptance of responsibility reduction, and settled on a below-guidelines sentence. Brown now appeals, arguing as a preliminary matter that the appeal waiver in the plea agreement is no longer valid due to the government's failure to request a full sentencing reduction for acceptance of responsibility. Because Brown did not make this argument before the District Court, we review for plain error. *See United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir. 2004).

The posture of this case is unusual because the District Court found that the defendant lied at the second hearing but still gave him the two-point acceptance of responsibility reduction. Essentially, the Court found the defendant mischaracterized the extent of his involvement in the conspiracy. But it did not penalize the defendant for these mischaracterizations and granted him the two points for acceptance of responsibility under § 3E1.1(a). On its part, the government determined it need not comply with the promise made to Brown in the plea agreement to move for the third point after hearing his testimony. The government's decision was appropriate because Brown muddied if not outright vitiated his "clear" acceptance of responsibility.

The defendant's brief characterizes the failure of the government to move for the additional point for acceptance of responsibility at the second hearing as a governmental "breach" of his plea agreement. But that is not right. The defendant falsely denied relevant conduct to the charged offense, in violation of the very condition on which the government's agreement to request a sentencing variance was predicated. *See Cook*, 607 F. App'x at 501. In any event, Brown's sentence is far below the guidelines range and he would likely have received the same sentence even if the government had moved for the additional point. The Presentence Report calculated Brown's offense level at 38. At level 38 with a criminal history of VI, the guidelines suggest a sentence of 360 months to life. Assuming Brown received the full three-point reduction for acceptance of responsibility, at offense level 35 the guidelines recommend 292 to 365 months in jail. His final sentence was 275 months.

Even if the government breached the plea agreement, the government's decision to decline to move for the third point did not taint this sentencing. *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir. 2002) (applying plain error review to government's breach of plea agreement). It was not plain error or a breach of the plea agreement for the government to decline to move for the third point under the acceptance of responsibility rubric when the defendant lied at sentencing about the basic facts in the indictment. The defendant's remaining arguments about the sentencing factors under 18 U.S.C. § 3553(a) are foreclosed by his appeal waiver. We **AFFIRM**.