**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald E. MANGIE, Defendant–
Appellant.**

**No. 00–4092.**

United States Court of Appeals,
Sixth Circuit.

Jan. 4, 2002.

Before KEITH and COLE, Circuit Judges; MARBLEY, District Judge.*

* The Honorable Algenon L. Marbley, United States District Court for the Southern District of Ohio, sitting by designation.

## OPINION

COLE, Circuit Judge.

Defendant Ronald Mangie ("the defendant") appeals the sentence of the district court, assigning error to the district court's refusal to apply a two-point downward departure for acceptance of responsibility pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1. The defendant pleaded guilty to multiple counts of fraud, conspiracy and tax evasion based upon his scheme to manufacture a fraudulent real estate deal. The defendant entered into a plea agreement with the United States in which he agreed to waive the right to appeal his sentence unless his sentence exceeded the statutory maximum. For the foregoing reasons, we DISMISS the appeal.

## Background

A grand jury indicted the defendant on fourteen counts of fraud, conspiracy and tax evasion that stemmed from a scheme involving a fraudulent real estate deal. Pursuant to Fed. R.Crim. P 11(e), the defendant signed a plea agreement in which he agreed to plead guilty to one count of conspiracy and four counts of tax fraud in exchange for a lesser sentence. In addition, the defendant agreed to accept responsibility for his crimes at sentencing in exchange for the Government's recommendation of a two point downward departure. The plea agreement also contained a provision whereby the defendant explicitly agreed to waive his right to appeal with very limited exception. This clause states that:

Defendant, recognizing that in limited circumstances he could have the right to appeal the sentence imposed, hereby knowingly, voluntarily and expressly waives the right to appeal his sentence on any ground, including any right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. The defendant further agrees not to contest in any post conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255, his sentence or any other matters pertaining to this prosecution, including all motions, defenses, voluntary nature of plea and probable cause determinations. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of a statutory minimum and, (b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court. Plea Agreement at 3.

At sentencing, the district court confirmed that the defendant understood that in signing the plea agreement, he would only be able to appeal his sentence under limited circumstances. The court asked the defendant, "Do you give up your right to appeal as part of this plea agreement your conviction in this case," to which the defendant replied, "yes, sir." The district court then asked, "do you also give up your right to appeal your sentence in this case excepting only if the Court sentences you outside the statutory maximum?" The defendant replied, "yes, sir."

The district court ultimately did not apply a two-point downward departure for acceptance of responsibility and sentenced the defendant within the statutory range. This appeal followed.

## Discussion

The issue regarding the defendant's right to appeal is a question of law entitled

to *de novo* review. *See United States v. Fleming,* 239 F.3d 761, 763 (6th Cir.2001).

This court will enforce plea agreements containing a waiver of appeal clause where the defendant knowingly and voluntarily assented to the provision. *See United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily"); *Davila v. United States,* 258 F.3d 448, 451 (6th Cir.2001) ("To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily"). A compromise in a plea agreement, including the waiver of right to appeal, serves as consideration for the benefits the party yields as a result of entering into the plea agreement. *See United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995) ("both the [defendant] and the United States compromised to obtain the benefits of the plea agreement"). A defendant's attempt to circumvent a previously agreed-to waiver clause constitutes a breach of the plea agreement. *Id.* ("[b]y appealing an issue that she stipulated to and agreed not to contest, [defendant] is attempting to void the plea agreement in violation of *Ashe.*"); *see also United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996) ("Both defendants received the benefit of the government's promises and may not now avoid the consequences of their equally binding promises"). Thus, wherever a defendant knowingly relinquishes his right to appeal, even in its totality, that clause shall be enforced. *See Bazzi* at 1028 (enforcing waiver of appeal clause foreclosing any avenues of appeal).

By entering into the plea agreement with the United States, the defendant agreed to waive his right to appeal his sentence, except where it exceeds the statutory maximum. In signing the plea agreement, the defendant further confirmed that he understood the implications of each provision and that he was voluntarily availing himself of those terms. *See* Plea Agreement at 11 ("I fully understand this plea agreement and agree to it without reservation ... [and] am entering this agreement voluntarily and of my own free will.") Moreover, at sentencing, the district court specifically asked the defendant about his understanding of the waiver of appeal clause. The defendant confirmed that he knowingly agreed to the provision and understood its implications. The defendant received the benefits of the plea agreement in exchange for this provision. In attempting to appeal his sentence, the defendant is thus attempting to violate the very plea agreement he seeks to enforce. Finally, the defendant offers no reasons to this court as to why this clause should not be enforced. The waiver of appeal clause is binding on these proceedings, and thus we do not reach the merits of the case, as defendant is precluded from bringing it before this court.

## Conclusion

For the aforementioned reasons, we DISMISS the defendant's appeal.