**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John C. EDELEN, Defendant–**
**Appellant.**

**No. 01–5328.**

United States Court of Appeals,
Sixth Circuit.

Oct. 1, 2002.

Before SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

PER CURIAM.

Defendant–Appellant John C. Edelen appeals from the judgment of sentence entered on February 26, 2001, in the United States District Court for the Western District of Kentucky, following his guilty plea to four counts related to the possession and distribution of marijuana and cocaine, in violation of 21 U.S.C. §§ 841 and 846.

Edelen maintains that the district court judge clearly erred when she enhanced Edelen's sentence because he possessed a firearm in connection with drug activity. He claims it is clearly improbable that the gun belonged to him. The Government responds and asserts that Edelen waived his right to appeal as a condition of his plea, and therefore, his claims cannot stand.

We agree with the Government's position and find that Edelen waived his right to appeal as part of the plea-bargaining process. Accordingly, we affirm the sentence imposed by the district court.

## I. Facts

On September 5, 2000, officers from the Louisville, Kentucky Narcotics Unit brought K–9 dogs to a public storage facility located within the city. The dogs alerted on a locker registered to a John Cecil and used by both Cecil and Appellant John Edelen. The officers obtained a search warrant and, upon executing it, discovered a significant amount of marijuana and cocaine; other drug paraphernalia, such as scales; and a Ruger .22 caliber handgun.

Based on the evidence found in the locker, as well as evidence found at both Edelen's and Cecil's respective residences,[1]

---

1. In Edelen's truck, authorities found approximately fourteen grams of marijuana. At his home, they found three bags of marijuana, a number of pills, a .38 caliber revolver, a stun gun, a scanner, and much drug parapherna-

each was charged with four counts of drug activity under 21 U.S.C. §§ 841 and 846. Each defendant pled guilty to the offenses charged.

The judge sentenced Edelen to seventy months, enhanced two levels from the base level of sixty months because she found Edelen had possessed a gun in connection with his drug activity.[2] Edelen now challenges the judge's conclusion that he owned the gun.

## II. Analysis

Edelen believes the judge clearly erred when she enhanced his sentence based on a finding that he possessed the firearm found in the locker. Accordingly, Edelen believes that his sentence should be reduced to reflect the fact that it was clearly improbable that the gun was his.

On November 20, 2000, Edelen entered his guilty plea. The plea agreement that he signed contained the following language:

Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, defendant knowingly waives the right to appeal *any sentence within the maximum provided in the statute(s) of conviction and the manner in which that sentence was determined* on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. Defendant also waives his right to challenge his sentence and the manner in which it was determined in any

collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

(Emphasis added). Accordingly, under the plain language of the plea agreement, Edelen can challenge neither a sentence up to the maximum nor the method in which that sentence was determined.

In his plea, he admitted to possessing over 100 kilograms of marijuana and over 500 grams of cocaine, either of which would place him within a sentencing range of five to forty years, as described in § 841(b)(1)(B):

In the case of a violation of subsection (a) of this section involving ... (ii) 500 grams or more of a mixture or substance containing a detectable amount of ... (II) cocaine, ... [or] ... (vii) 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana ... such person shall be sentenced to a term of imprisonment which may not be less that 5 years and not more than 40 years....

Edelen was sentenced to seventy months – well below the maximum of forty *years*. He does not claim that his plea was coerced. Nor can he claim that his plea was unknowing, although Edelen initially indicated his understanding of his plea agreement to be that he was receiving a five year sentence.[3] The Government's

---

lia, including a smoking device, and a number of .22 caliber shells.

**2.** Sentencing Guideline § 2D1.1(b)(1) specifies "[i]f a dangerous weapon (including a firearm) was possessed, [the defendant's base sentence should be] increase[d] by 2 levels."

**3.** The judge and Edelen engaged in the following exchange:

The Court: What have you and the United States agreed here in this agreement?
Edelen: Agreed to a five year sentence.
Sentencing Hearing, February 26, 2001, Tr. at 11.

attorney corrected that misconception, stating:

> If [Edelen] plead[s] guilty, the United States at sentencing *will recommend* to the Court the lowest sentence under the guidelines, but in no event lower than the mandatory minimum sentence, which, your Honor, I believe will be five years in this case, based on the weight of the cocaine and the weight of the marijuana involved. I know Mr. Cecil (sic) said he agreed for (sic) a five-year sentence, but actually *the plea agreement calls for the low end of the guideline,* but not less than the mandatory low end – excuse me, the mandatory minimum of five years.

Sentencing Hearing, February 26, 2001, Tr. at 12 (emphasis added). It is clear from the context that the U.S. Attorney was referring to Edelen although he said "Cecil." Subsequently, when the judge asked Edelen if he understood, he assented to the correction and nonetheless chose to plead guilty, knowing he was waiving his right to appeal.

Clearly, Edelen had entered his plea *hoping* for a five year sentence, yet understood he could get a longer one. In exchange for Edelen's plea, the Government only agreed to "recommend a sentence at the lowest end of the applicable Guideline Range ..." Plea Agreement at 4. The United States Attorney upheld the Government's agreement, and at sentencing stated: "[T]o be in conformity with the plea agreement, we would recommend the low end of the applicable guideline in terms of imprisonment and the fine range." Sentencing Hearing, February 26, 2001, Tr. at 30–31. Hence, the Government fulfilled its end of the bargain.

■ Edelen's agreement was with the Government only. The judge found that Edelen possessed the gun and enhanced his sentence, although she did sentence him to the minimum penalty for his offense level.[4] Accordingly, any subsequent enhancement was the result of a decree of the judge herself, not of any actions taken by the Government. Since the Government upheld its end of the bargain, Edelen's plea agreement is valid, and his right to appeal has been waived. *See United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996).

■ Even without his waiver, Edelen's claim has no merit. Edelen would have to show that the judge clearly erred when she enhanced his sentence for possession of a firearm. *See United States v. Kincaide,* 145 F.3d 771, 784 (6th Cir.1998); *United States v. Elder,* 90 F.3d 1110, 1133 (6th Cir.1996). Since the gun was found in the presence of the drugs, we assume that possession of the gun was in connection with the activity. The guidelines provide:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in his closet.

USSG § 2D1.1, comment. (n.3). Edelen argues that it is clearly improbable that the gun is his because the locker was registered to Cecil. This argument is baseless because Edelen has already admitted that he partly owned and had full access to the locker. Even if the gun had

---

4. His final offense level was determined to be 27. For Edelen's crime, the base level is 28. It was increased two levels for possession of the gun, and reduced three levels for Edelen's acknowledgment of responsibility. The sentencing range for an offense level of 27 is 70 to 87 months. Hence, Edelen was sentenced to the minimum penalty under the guidelines.

belonged exclusively to Cecil, its possession can be attributed to Edelen as a co-conspirator, since its possession is a reasonable foreseeable consequence of establishing a drug trade. *See United States v. Williams,* 894 F.2d 208, 211 (6th Cir.1990). Moreover, the gun was not a sporting gun that is unlikely to be used in connection with drug activity, but a Ruger .22 caliber handgun. Finally, although the gun was unloaded, .22 caliber shells were found in easily accessible locations at Edelen's residence.[5]

Accordingly, the judgment of sentence imposed by the district court is AFFIRMED.

Batchelder, Circuit Judge, filed dissenting opinion.

---

5. The shells were found in a kitchen cabinet.