**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0319n.06
Filed: April 28, 2005

No. 04-5357

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **CHARLOTTE CREASY,** | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| **Defendant-Appellant** | ) | |
| | ) | |
| | ) | |

**BEFORE:    KEITH, MERRITT, and CLAY, Circuit Judges**

**MERRITT, Circuit Judge.**  The parties have waived oral argument and seek a decision based upon the briefs and record in the case.  Appellant, Charlotte Creasy, appeals her sentence after pleading guilty to charges against her and entering into a plea agreement in which she stated in paragraph 6 that she "knowingly and voluntarily waives her right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the statutory maximum."  We have upheld the validity of such waiver of appeal provisions in numerous cases. *See*, *e.g.*, *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).  The District Court properly determined that the defendant understood "the terms of [the] plea-agreement provision waiving the right to appeal," as required by Federal Rule of Criminal Procedure 11(b)(1)(N), and as interpreted and enforced in *United States v. Murdock*, 398 F.3d 491 (6th Cir. 2005).

*No. 04-5357*
*United States v. Creasy*

In *United States v. Bradley*, 400 F.3d 459, 463-65 (6th Cir. 2005), and *United States v. Yoon*, 398 F.3d 802, 808 (6th Cir. 2005), this Court recently rejected the argument that such a waiver does not apply to an appeal based upon claims made under *United States v. Booker*, 543 U.S. ____, 125 S. Ct. 238 (2005). The fact that the waiver of appeal provision excepts sentences in excess of the "statutory maximum" does not alter our conclusion. The sentence here was within the upper limit of the statute to which the defendant pled guilty. The panel is therefore governed by the *Bradley* and *Yoon* cases, which decide the issue raised in the instant case.

Accordingly, the appeal is dismissed.