**Nos. 03-6424/6438**

File Name: 05a0693n.06

Filed: August 11, 2005

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,    )
                             )
  Plaintiff-Appellee,       )
                             )  ON APPEAL FROM THE
    v.                     )  UNITED STATES DISTRICT
                             )  COURT FOR THE EASTERN
KEITH DOUGLAS PHILLIPS,       )  DISTRICT OF KENTUCKY
                             )
  Defendant-Appellant.      )

Before:      **NELSON** and **GILMAN**, Circuit Judges, and **DONALD**, District Judge.*

    **DAVID A. NELSON**, Circuit Judge.  The defendant in these consolidated criminal appeals pleaded guilty in accordance with a plea agreement.  Although the defendant and the government agreed to recommend a sentence at the top of the guideline sentence range, the district court decided to depart upward from that range on the ground that the defendant's criminal history was not adequately taken into account by the sentencing guidelines.  The court imposed a sentence that exceeded the guideline maximum by 69 months.

    The defendant argues on appeal that his sentence should be vacated for three reasons: (1) the upward departure was based on factual determinations made by a judge rather than a jury, (2) the district court was bound by the parties' sentencing recommendation, and (3)

---

*The Honorable Bernice B. Donald, United States District Judge for the Western District of Tennessee, sitting by designation.

the government violated certain provisions of the plea agreement. The defendant seeks an order mandating specific performance of the agreement on resentencing. The government has moved to dismiss the appeals, citing a broad waiver of appellate rights that is contained in the plea agreement. The defendant contends that the waiver is unenforceable for reasons that significantly overlap the substantive grounds of his appeals.

For the reasons explained below, we conclude that the appeal waiver should be enforced. We shall dismiss the appeals on that basis.

I

In September of 2002 a federal grand jury in the Eastern District of Kentucky handed up an indictment charging Keith Douglas Phillips with conspiracy to commit identity theft. Several months later, the United States Attorney for the Western District of Kentucky filed an information charging Phillips with six counts of credit card fraud. Mr. Phillips consented to a transfer of the Western District charges to the Eastern District of Kentucky.

Mr. Phillips and the government entered a plea agreement in which Phillips agreed to plead guilty in both cases in exchange for the government's agreement not to bring additional charges. The parties recommended certain calculations under the United States Sentencing Guidelines that would result in a sentence of imprisonment for a term in the range of 77 to 96 months, and they agreed "to recommend a sentence of 96 months." The parties further agreed that their sentencing recommendation "does not bind the Court."

The plea agreement contained a waiver of Mr. Phillips' "right to appeal the conviction and any sentence within the applicable maximum statutory penalty . . . ." It also contained a provision in which the government agreed not to object to a "recommendation by the Court" that Phillips serve his sentence at the federal prison in Lexington, Kentucky.

At the plea hearing Mr. Phillips acknowledged that the guideline sentence range could not be established with certainty until a presentence report was prepared and any objections were resolved by the district court. He acknowledged that the court could in some circumstances impose a sentence above the guideline range. Mr. Phillips also acknowledged that he would not have an opportunity to withdraw his guilty plea if he received an unexpectedly severe sentence. Finally, Phillips acknowledged that he had waived the right to appeal his conviction and any sentence below the statutory maximum. (The statutory maximum — 15 years of imprisonment, see 18 U.S.C. §§ 1028(b)(1), 1029(c)(1)(A)(ii) — was spelled out in the plea agreement.) The district court accepted Phillips' plea and found him guilty.

A probation officer prepared a presentence report that confirmed the parties' calculation of the guideline sentence range. The officer suggested, however, that an upward departure might be warranted because Mr. Phillips' criminal history score "might not adequately reflect the seriousness of his past criminal conduct or the likelihood that [he] will commit further crimes." That suggestion was based, we presume, on the fact that Phillips

had 45 criminal history points — far more than the 13 points needed to place an offender in Criminal History Category VI, the highest category recognized by the guidelines.

The district court advised the parties at sentencing that the court was considering an upward departure on the basis identified by the probation officer. When asked for the government's views on the matter, the prosecutor said that the government would "stand behind the [plea] agreement" — an agreement in which, to repeat, the government had undertaken to recommend a sentence at the top of the guideline range. Somewhat contradictorily, perhaps, the prosecutor went on to say that the government would "not . . . take a position" on the propriety of a departure. He also noted that the decision whether to depart was committed to the court's discretion.

The district court decided to depart upward to a range of 140 to 175 months, and the court asked to hear from the parties as to an appropriate sentence within that range. Mr. Phillips then moved to withdraw his guilty plea, but the court denied the motion. Phillips' lawyer requested a sentence at the low end of the new range, and Phillips himself made a lengthy statement seeking clemency. The prosecutor responded to Phillips' statement and said that his (the prosecutor's) comments should not be interpreted as a request for a particular sentence.

The district court imposed sentences of two 165-month terms, to be served concurrently. The court recommended that Phillips be confined "at a facility closest to his residence of Louisville, Kentucky," where drug rehabilitation and mental health programs

would be available.  Mr. Phillips moved for a recommendation that the sentences be served at the federal prison in Lexington.  The government objected, and the district court denied Phillips' motion.

Mr. Phillips filed timely notices of appeal from the judgments, and the appeals were consolidated.

II

Mr. Phillips argues that his sentences should be vacated because (1) the upward departure was based on factual determinations made by the judge, in violation of Phillips' Sixth Amendment right to a jury trial; (2) the district court was bound by the parties' recommendation of a sentence at the top of the guideline range; and (3) the government violated the plea agreement by failing to oppose the upward departure and by objecting to Phillips' request for a recommendation that he serve his time at Lexington.  Mr. Phillips seeks a remand for resentencing with specific performance of the plea agreement.[1]

Citing the appeal waiver in the plea agreement, the government has moved to dismiss the appeals.  Mr. Phillips has responded that the waiver is unenforceable because (1) the waiver is too broad, (2) the waiver was not knowing and voluntary, (3) the district court imposed a sentence in excess of the statutory maximum, (4) the sentence was not authorized

---

[1]Initially, Mr. Phillips sought a remand for either resentencing or withdrawal of his guilty pleas.  He has since moved to dismiss the portions of his appeal that seek permission to re-plead.  That motion is granted.

by the plea agreement, and (5) the government broke the agreement. Because several of Mr. Phillips' arguments against enforcement of the appeal waiver coincide with his arguments on the merits of his appeals, the motion to dismiss was referred to the hearing panel.

The plea agreement, as we have seen, contained a waiver of Mr. Phillips' right to appeal any sentence within the 15-year statutory maximum. The district court complied with Rule 11(b)(1)(N), Fed. R. Crim. P., by determining in open court that Phillips understood the waiver. Accordingly, unless there is some basis for invalidating the waiver, we lack jurisdiction to consider these appeals. See *United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005). For the reasons set forth below, we do not find any of Mr. Phillips' arguments in favor of invalidation to be persuasive.

A

First, Mr. Phillips contends that his appeal waiver is too broad to be enforced. But we have repeatedly enforced waivers that were equally broad — *i.e.*, that allowed an appeal only if the sentence exceeded the applicable statutory maximum. See *United States v. Creasy*, 126 Fed. Appx. 739, 739-40 (6th Cir. 2005); *United States v. Dobbins*, 111 Fed. Appx. 832, 835, 837 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 2315 (2005); *United States v. Edelen*, 48 Fed. Appx. 136, 138, 139 (6th Cir. 2002) (per curiam); *United States v. Mangie*, 29 Fed. Appx. 204, 205, 206 (6th Cir. 2002); *United States v. Fleming*, 239 F.3d 761, 762, 765-66 (6th Cir.

2001).  We are aware of no case in which this court refused to enforce such a waiver on the ground that it was too broad.

B

Second, Mr. Phillips argues that the waiver was not knowing and voluntary because neither he nor his lawyer foresaw the changes in federal sentencing law that were prefigured in *Blakely v. Washington*, 124 S. Ct. 2431 (2004), and accomplished in *United States v. Booker*, 125 S. Ct. 738 (2005).  Just such an argument was rejected, however, in *United States v. Bradley*, 400 F.3d 459, 463-65, *petition for cert. filed*, No. 04-10620 (June 9, 2005).  "[W]here developments in the law later expand a right that a defendant has waived in a plea agreement," said the *Bradley* court, "the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."

C

Third, citing *Blakely*'s definition of "statutory maximum" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant," *Blakely*, 124 S. Ct. at 2537 (emphasis omitted), Mr. Phillips contends that his sentence, although below the 15-year limit provided for by statute, exceeds the relevant "statutory maximum."  (The court's decision to depart upward from the guideline range,

Phillips points out, was not based on admitted facts.)  As a result, says Phillips, the appeal

waiver is both unenforceable and inapplicable by its terms.

We disagree.  For one thing, the notion that an appeal waiver is rendered

unenforceable by the imposition of a sentence that exceeds the "statutory maximum" as that

term is defined in *Blakely* strikes us as inconsistent with our *Bradley* decision.  Enforcement

of the appeal waiver in *Bradley* did not turn on the merits of the defendant's claim that his

sentence enhancement violated the Sixth Amendment.  See *Bradley*, 400 F.3d at 463-65.  The

waiver would have been enforced, in other words, even if the sentence enhancement had

been unconstitutional.

Moreover, we do not think the district court acted unconstitutionally by enhancing Mr.

Phillips' sentence beyond the *Blakely* "statutory maximum."  The rule of *Apprendi v. New

Jersey*, 530 U.S. 466 (2000), *Blakely*, and *Booker* is that

> "[a]ny fact *(other than a prior conviction)* which is necessary to support a
> sentence exceeding the maximum authorized by the facts established by a plea
> of guilty or a jury verdict must be admitted by the defendant or proved to a
> jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756 (emphasis
> supplied).

Because the district court's decision to depart upward was based on Mr. Phillips' prior

convictions, it did not violate this constitutional rule.[2]  Cases suggesting that an

---

[2]The court considered other aspects of Mr. Phillips' criminal history, such as juvenile criminal activity and adult criminal activity that did not result in conviction.  But we do not think those facts were "necessary" to support the upward departure.  See *Booker*, 125 S. Ct. at 756.  Phillips' convictions alone, it seems to us, gave the district court a sufficient basis to depart.

unconstitutional sentence renders an appeal waiver unenforceable, see, *e.g.*, *United States v. Teeter*, 257 F.3d 14, 25 n.9 (1st Cir. 2001), are therefore inapposite.

As for Mr. Phillips' argument that the appeal waiver is inapplicable by its terms, we acknowledge that the waiver would not bar an appeal from a sentence that exceeded the "maximum statutory penalty." But the "maximum statutory penalty" is not the same as the *Blakely* "statutory maximum." *Blakely* defined "statutory maximum" for purposes of the *Apprendi* rule. See *Blakely*, 124 S. Ct. at 2537. It did not change the meaning of that term (or equivalent terms) in other contexts. As it is used in the parties' plea agreement, therefore, the phrase "maximum statutory penalty" should be given its ordinary meaning. See *Creasy*, 126 Fed. Appx. at 740.[3] As the plea agreement itself made clear, Mr. Phillips' "maximum statutory penalty" was 15 years of imprisonment. His sentence did not exceed that penalty.

D

---

[3]In *Creasy*, the defendant argued that her waiver of the right to appeal "any sentence . . . within the statutory maximum" did not bar her from raising a *Booker* claim on appeal. Citing *Bradley*, the court rejected the argument. See *Creasy*, 126 Fed. Appx. at 740. The court then said

> "[t]he fact that the waiver of appeal provision excepts sentences in excess of the 'statutory maximum' does not alter our conclusion. The sentence here was within the upper limit of the statute to which the defendant pled guilty." *Id.*

Clearly, the court understood "statutory maximum" to have its ordinary meaning.

Mr. Phillips' fourth argument is that the appeal waiver is unenforceable because the district court imposed a sentence that was not authorized by the plea agreement. The terms of the agreement, however, did not prohibit the district court from departing upward. Echoing the language of Rule 11(c)(1)(B), Fed. R. Crim. P., the agreement stated that the parties "recommend" a 96-month sentence and that "[t]his recommendation does not bind the court."

Mr. Phillips maintains that this unambiguous language is overridden by a provision stating that the plea agreement was entered "pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A)." Promises made under Rule 11(c)(1)(A) are binding on the court if it accepts the plea agreement in which they are set forth. See Fed. R. Crim. P. 11(c)(4). But Rule 11(c)(1)(A) relates only to government promises to dismiss (or not to bring) other charges. Rule 11(c)(1)(B) relates to government promises to recommend a particular sentence or sentence range — and the rule provides that such recommendations "do[] not bind the court." Although only Rule 11(c)(1)(A) was cited in the plea agreement, we are satisfied that agreement was entered under Rule 11(c)(1)(B) as well. The citation to Rule 11(c)(1)(A) did not render the sentencing recommendation binding on the court in contradiction of the plea agreement's express terms.

It might be worth noting, in this connection, that Mr. Phillips never argued to the district court that the parties' sentencing recommendation was binding. To the contrary, Phillips acknowledged that he would remain bound by the plea agreement even if his

sentence was unexpectedly harsh. (The district court was required to advise Phillips of that fact. See Fed. R. Crim. P. 11(c)(3)(B) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the [sentencing] recommendation or request").) And neither Phillips nor his lawyer ever suggested, while vigorously disputing the appropriateness of an upward departure, that such a departure would violate the plea agreement.

E

Finally, Mr. Phillips argues that the appeal waiver is unenforceable because the government violated the plea agreement. The government's breach of a plea agreement renders the defendant's waiver of appellate rights ineffective. See *United States v. Swanberg*, 370 F.3d 622, 627-29 (6th Cir. 2004). Whether a breach occurred must be decided under the "plain error" standard of review, however, where no objection to the alleged breach was raised in the district court. See *id.* at 627. Mr. Phillips concedes that he did not object in the district court to any alleged breach.

The "plain error" standard is satisfied by a clear error that affected the defendant's substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. See *Swanberg*, 370 F.3d at 627. "Plain error may be committed by the government as well as by the district court." *Id.* Mr. Phillips maintains that two alleged

breaches of the plea agreement amounted to plain error:  the government's failure to recommend against an upward departure and its objection to Phillips' request for a recommendation that he serve his sentence at Lexington.

We do not think that the prosecutor's comments on the proposed upward departure constituted a clear breach of the plea agreement.  The prosecutor said three times that the government would "stand behind" its agreement to recommend a sentence at the top of the guideline range.  He also said, in the midst of these statements, that the government was "not going to take a position" on the appropriateness of an upward departure.  Standing alone, the latter remark might have fallen short of the government's obligation.  But viewed in their entirety, the prosecutor's comments do not seem inconsistent with the agreement.  As for the prosecutor's response to Mr. Phillips' request for a sentence at the low end of the post-departure sentence range, the court had by that time rejected the sentence that the government was obligated to recommend.  If the government had any further obligation, we do not think it was violated by the prosecutor's attempt to rebut Phillips' statements.

On the other hand, we think the government clearly broke the plea agreement by objecting to Mr. Phillips' request for a recommendation that he be incarcerated at Lexington. The government contends that it was released from its promise not to object to such a request when the district court decided to recommend mental health treatment during Phillips' incarceration, an option that the Lexington facility apparently does not offer.  We disagree.

As we read the plea agreement, the government unconditionally obligated itself not to object to Phillips' request, regardless of how ill-founded the request might have been.

We are not persuaded, however, that the government's breach of the plea agreement affected Mr. Phillips' substantial rights. Phillips, citing *United States v. Barnes*, 278 F.3d 644, 648 (6th Cir. 2002), maintains that a breach of a plea agreement by the government always affects the defendant's substantial rights. But in *Swanberg*, a case that expressly relied on *Barnes*, our court held that the government's breach affected substantial rights "because it caused [the defendant] to receive a more severe sentence." *Swanberg*, 370 F.3d at 629. That holding would have been unnecessary, it seems to us, if *Barnes* stood for the sweeping proposition urged here by Mr. Phillips.

Turning, then, to the particular circumstances of this case, we doubt that incarceration at a facility other than the facility of his choosing affects Mr. Phillips' substantial rights. The Supreme Court has made it clear that prisoners have no protected liberty interest in confinement at a particular facility. See *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983).

Moreover, the link between the government's breach of the plea agreement and Mr. Phillips' placement at a non-preferred facility is too attenuated, in our view, for us to conclude that the breach affected the placement. We do not know whether the government's objection influenced the district court's decision not to recommend that Phillips be confined at Lexington. Nor do we know whether the Bureau of Prisons — which has the sole

authority to designate a prisoner's place of confinement, see 18 U.S.C. § 3621(b) — would have acted on the recommendation had it been made.

In sum, we do not think Mr. Phillips has carried his burden of showing that the government's breach of the plea agreement affected his substantial rights. See *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005) ("A defendant bears the burden of proof on plain error review . . . ."). Under *Swanberg*, therefore, the breach does not render Phillips' appeal waiver ineffective.

Because Mr. Phillips waived his right to appeal his sentence, and because the waiver has not been shown to be unenforceable, these appeals are **DISMISSED**.